Fuld, J.
Alice Hammer, suffering from schizophrenia, was treated for some seven years by Dr. Eosen, a psychiatrist. In 1955 she and her father instituted this action, the patient seeking damages for malpractice, the father, for breach of contract and for fraud.[1] Their efforts have been signally unsuccessful. The trial court dismissed the malpractice and fraud causes of action at the close of the plaintiffs’ case, while the jury, following submission to it of the contract cause, returned a verdict in favor of the defendant, and the Appellate Division, by a divided court, affirmed the resulting judgment. Although we agree with the disposition made of the other counts, we believe, as did the dissenting justice in the Appellate Division, that the count charging malpractice should have been submitted to the jury.
With respect to the evidence, it is necessary merely to point out that the testimony given by three of the plaintiff’s witnesses, indicating that 'the defendant had beaten Alice on a number of occasions, made out a prima facie case of malpractice which, if uncontradicted and unexplained and credited by the jury, would require a verdict for the plaintiff.
With respect to the defendant’s contentions seeking to justify the dismissal — that the action was barred by the Statute of Limitations, that there was no expert testimony that the acts of assault with which he was charged constituted improper treatment or malpractice and that there was no proof of injury — we may be almost as brief.
Since Alice was insane at the time the cause of action arose, section 60 of the Civil Practice Act effected an extension of the time within which to commence this action. And, since she was still insane when the suit was begun, the defense based on the Statute of Limitations must fail, and it matters not that she had not actually been adjudged incompetent. (See Thlocco v. Magnolia Petroleum Co., 141 F. 2d 934, cert, denied 323 U. S. 785; Browne v. Smith, 119 Col. 469; but see, contra, Chilford v. Central City Cold Stor. Co., 166 Misc. 780.) Indeed, even if section *380 60 had not extended the time to commence the action, the defense would still be unavailing in view of the plaintiff’s evidence that the beatings complained of were part and parcel of a continuing course of psychiatric treatment which did not terminate until 1955, the very year in which the action was begun. (See Nervick v. Fine, 195 Misc. 464, 465; Sly v. Van Lengen, 120 Misc. 420; Huysman v. Kirsch, 6 Cal. 2d 302, 307-308; De Haan v. Winter, 258 Mich. 293, 296-297; Schanil v. Branton, 181 Minn. 381, 382; Williams v. Elias, 140 Neb. 656, 660; Peteler v. Robinson, 81 Utah 535, 546.)
As to the second of the defendant’s arguments — that there was no expert testimony to support the plaintiff’s charge of malpractice— the simple answer is that the very nature of the acts complained of bespeaks improper treatment and malpractice and that, if the defendant chooses to justify those acts as proper treatment, he is under the necessity of offering evidence to that effect. In point of fact, the defendant can hardly urge that the plaintiff must call an expert to demonstrate the impropriety of the assaultive acts charged against him in view of the acknowledgment, contained in his brief in this court, that any mode of treatment which involves assaults upon the patient is “ fantastic ”.
And, finally, as to the defendant’s claim that there was insufficient proof of injury, we simply call attention to our recent statement that “ ‘ The damages recoverable in malpractice are for personal injuries, including the pain and suffering which naturally flow from the tortious act.”’ (Robins v. Finestone, 308 N. Y. 543, 546.) On the evidence presented, a jury would have been warranted in finding that defendant’s acts had caused the plaintiff pain and suffering.
The judgment appealed from should be modified by reversing so much thereof as dismissed the malpractice cause of action, a new trial granted as to such cause, with costs to abide the event, and, as so modified, judgment affirmed.
Chief Judge Desmond and Judges Dye, Froessel, Van Voorhis, Burke and Foster concur.
Judgment accordingly.

. Alice was represented by a guardian ad litem; her father, Max Hammer, having died before trial, was replaced by the executors of his estate.