■ MARY A. SALA et al., Appellants, v DAVID R. TOMLINSON et al., Respondents.—Appeals (1) from an order of the Supreme Court at Special Term, entered April 24, 1979 in Albany County, which granted the motion of the defendant Samaritan Hospital to dismiss the fifth, seventh, ninth and eleventh causes of action in the complaint, and (2) from an order of the Supreme Court at Special Term, entered September 8, 1978 in Albany County, which granted the motion of the defendants David R. Tomlinson, David Marshall, Roland Cheung and Tomlinson & Marshall, M. D., P. C., to dismiss the ninth and eleventh causes of action in the complaint, and their motion to dismiss the first, second, third, fourth, fifth, sixth, seventh and tenth causes of action in the complaint, except for those portions thereof which seek financial loss incident to the alleged unsuccessful sterilization operation and the pain and suffering of said unsuccessful operaton. On March 16, 1976, Mary Ann Sala, upon the advice of defendant doctors, underwent a sterilization operation consisting of a bilateral tubal ligation at the Samaritan Hospital. On October 19, 1977, Mary Ann Sala gave birth to her fourth child, Michael Sala. In December, 1977 plaintiffs instituted this action, alleging 11 causes of action for the recovery of damages by the mother, father, the unwanted child and the child's three siblings. Nothing in the complaint suggests that Michael is other than a healthy, normal

child, or that the delivery was other than uneventful. The first, second, third and fourth causes of action are based upon alleged malpractice and on the lack of informed consent. The fifth, sixth and eighth causes of action are based upon alleged breach of contract. The seventh cause of action alleges a breach of warranty. The ninth cause of action is brought by the sibling brothers for deprivation, and the eleventh cause of action is brought by Michael Sala seeking damages sustained by his birth on October 19, 1977. The tenth cause of action is based on alleged fraud. On appeal from the order entered April 24, 1979 in favor of the defendant Samaritan Hospital, plaintiffs assert that the fifth and seventh causes of action should not have been dismissed. The fifth cause of action alleges an agreement to sterilize Mary Ann Sala, and to perform the sterilization procedure in good workmanlike manner, and to exercise the care and skill expected of specialists. The fifth cause of action, while alleging an agreement to sterilize the plaintiff Mary Ann Sala, alleges the breach of the agreement to perform the sterilization procedure in a good workmanlike manner, and to exercise the care and skill expected of specialists. It is further alleged that, as a result thereof, plaintiffs endured physical pain, emotional distress and anxiety all to their substantial damage. A cause of action based upon a breach of a particular or special agreement is distinguishable from one in malpractice (*Robins v Finestone,* 308 NY 543; *Colvin v Smith,* 276 App Div 9), but in seeking damages for personal injury, an allegation of failure to provide workmanlike medical care in a proper manner is insufficient, for it is merely an attempt to plead as a contract action one which is essentially a malpractice action (cf. *Sears, Roebuck & Co. v Enco Assoc.,* 43 NY2d 389; *Hammer v Rosen,* 7 NY2d 376). The fifth cause of action was properly dismissed. The seventh cause of action alleges that defendants warranted to plaintiffs that the sterilization procedure was a completely effective means of preventing conception, that plaintiffs consented to the operation on the basis of that promise and that defendants breached their contract with plaintiffs, all to their damage. Special Term dismissed the seventh cause of action on the ground that no warranty attaches to the performance of a service. New York does not recognize a cause of action based upon breach of warranty arising out of the performance of services (*Milau Assoc. v North Ave. Dev. Corp.,* 42 NY2d 482; *Perlmutter v Beth David Hosp.,* 308 NY 100; *Osborn v Kelley,* 61 AD2d 367). The seventh cause of action was properly dismissed, and the order entered April 24, 1979 should be affirmed. The appeal from the order entered September 8, 1978 in favor of defendant doctors is based on plaintiffs' contention that the order dismissing all the causes of action except the eighth cause of action, and except insofar as such causes of action seek medical expenses incurred as a direct result of an unsuccessful sterilization operation and the pain and suffering endured as a result thereof, should be reversed. The dismissal of the fifth and seventh causes of action has been discussed above, and that part of the order of September 8, 1978 dismissing the fifth and seventh causes of action should be affirmed. The ninth cause of action is brought by the sibling brothers seeking damages for deprivation of a portion of the care, affection, training and financial support each would have received from the parents by reason of the negligence of defendants resulting in the birth of Michael Sala. The eleventh cause of action is brought by Michael Sala alleging that, due to defendants' negligence, he was born on October 19, 1977, and as a result has sustained damage. The ninth and eleventh causes of action are wholly without merit and were properly dismissed (*Clegg v Chase,* 89 Misc 2d 510; *Cox v Stretton,* 77 Misc 2d 155). The first, second, third, fourth, sixth, eighth

and tenth causes of actions allege that plaintiffs, as a result of defendants' negligent conduct have, *inter alia,* endured physical pain, emotional distress and anxiety and will be required to support, educate and raise the infant, Michael Sala, all to their substantial damage. In these various causes of action, plaintiffs have alleged certain facts from which damages may be properly inferred by reason of defendants' failure to perform a successful sterilization operation. Plaintiffs, however, have also alleged certain items of damages which may not be supported by inference and, to that extent, the causes of action are not sufficient as a matter of law. A cause of action for damages for emotional distress and anxiety occasioned by the birth of a child subsequent to an unsuccessful sterilization operation is not recognized in this State (cf. *Becker v Schwartz,* 46 NY2d 401; *Howard v Lecher,* 53 AD2d 420, affd 42 NY2d 109). The Court of Appeals in *Becker v Schwartz (supra,* p 409) stated: "To be distinguished from the cases before us are those in which recovery is sought for what may perhaps be most appropriately labeled 'wrongful conception', wherein parents, one of whom has undergone an unsuccessful surgical birth control procedure, have sought damages for the birth of an unplanned child. There, damages have not been sought on behalf of the child—a healthy and normal infant—but by the parents for expenses attributable to the birth, including the pecuniary expense of rearing the child. Judicial reaction to the 'wrongful conception' cause of action has been mixed. * * * While courts have struggled with the concepts of 'wrongful conception' or 'wrongful diagnosis' as cognizable causes of action, they have had little difficulty in rejecting a cause of action which may be distinguished by use of the term 'wrongful birth'." Similarly, a cause of action seeking future medical expenses for a healthy, normal child and damages for supporting, educating and raising a healthy, normal child on the grounds that such child was unwanted is not recognized in this State. In addition, such damages are uncertain, contingent, speculative and virtually impossible to admeasure as against the intangible and complex human benefits of motherhood and fatherhood *(Howard v Lecher, supra).* Special Term's order, as it relates to limiting damages for causes of action alleged in the complaint to medical expenses as a direct result of an unsuccessful sterilization, and the pain and suffering from the unsuccessful operation, should be affirmed, as well as the dismissal of the ninth and eleventh causes of action. Orders affirmed, without costs. Mahoney, P. J., Greenblott, Sweeney, Kane and Staley, Jr., JJ., concur.