OPINION OF THE COURT
Arnold Guy Fraiman, J.
The intriguing question raised on this motion to dismiss the complaint on the ground that the action is barred by the Statute of Limitations, is whether the holding of the Court of Appeals in Sears, Roebuck & Co. v Enco Assoc. (43 NY2d 389) is limited to malpractice actions against architectural firms, or whether it has applicability to all contract actions where the gravamen of the complaint is that the contract was breached by reason of the defendant’s negligence in its performance. As cognoscenti in the field of professional malpractice are aware, the Sears, Roebuck case held that owners’ claims against architects for property damages arising out of the negligent performance of obligations under contracts between them are governed by the six-year contract Statute of Limitations, and not the shorter limitations period for malpractice or ordinary negligence.
*525 In the instant case, the complaint alleges that defendant contracted to deliver fuel oil to plaintiff’s premises, and that by reason of its failure to do so properly, plaintiff sustained damages in the amount of $54,000. Apparently, an oil spill occurred in the course of the delivery, which resulted in a fire. The spill was on December 23,1976 and the action was commenced on March 3,1980. Thus, if the three-year negligence Statute of Limitations is applicable, the action is time-barred. On the other hand, if the four-year statute applicable to contracts for the sale of goods (Uniform Commercial Code, § 2-725) applies, it is not time-barred.
The rationale for the court’s determination in the Sears, Roebuck case was that “all liability alleged in this complaint had its genesis in the contractual relationship of the parties.” (Sears, Roebuck & Co. v Enco Assoc., supra, p 396.) As the court noted (p 396), “absent the contract between them, no services would have been performed and thus there would have been no claims.” It therefore concluded that the six-year contract Statute of Limitations should be controlling. Although the court specifically excluded claims for personal injuries for malpractice from its holding (p 395), its rationale is equally applicable not only to malpractice actions against other professions resulting in property damages or pecuniary injuries, but also to cases such as the instant case involving the negligent performance of a contractual obligation by a nonprofessional. In such cases, as distinguished from personal injury actions, where the court looks to the substance rather than the form of the pleading (see, e.g., Mack v Clairol, Inc., 69 AD2d 752; Sala v Tomlinson, 73 AD2d 724), the court in the Sears, Roebuck (43 NY2d 389, 395) case noted that the time limitation depends upon the form of the remedy.
No case has been found which has limited the applicability of the Sears, Roebuck case to malpractice actions by owners against architects. On the other hand, in Schulman Inv. Co. v Olin Corp. (477 F Supp 623) the court, relying upon Sears, Roebuck, held that an owner’s action against a contractor (as distinguished from an architect) for negligent construction of glass curtain walls, was governed by the six-year contract Statute of Limitations and was not time- *526 barred by the three-year negligence statute. See also the 1978 Supplementary Practice Commentaries by Joseph M. McLaughlin (McKinney’s Cons Laws of NY, Book 7B, CPLR, C213:2) and his New York Trial Practice column in the New York Law Journal (March 10, 1978, p 1, col 1), where Dean McLaughlin concludes that as a result of the Sears, Roebuck case, an action for breach of contract based upon a failure to use due care resulting in property damage is now governed by the contract Statute of Limitations.
In the instant case, as noted, property damages, as distinguished from personal injuries, are claimed as a result of the negligent performance of nonprofessional services done pursuant to a contractual obligation by defendant. It is the conclusion of this court, on the basis of the foregoing, that in such a case, the four-year Uniform Commercial Code sale-of-goods Statute of Limitations, rather than the three-year negligence limitation period, is applicable and the motion to dismiss is accordingly denied.
In holding that plaintiff in the instant case may avail itself of the four-year sale-of-goods limitation period, it should be noted that plaintiff’s damages will be limited to those allowable under the law of damages for contract liability. Inasmuch as the action was not commenced within the three-year period applicable to negligence claims, plaintiff may not offer proof of damages allowable in tort. (Sears, Roebuck & Co. v Enco Assoc., 43 NY2d 389, 397, supra.)