■ MARY A. SALA et al., Respondents, v DAVID R. TOMLINSON et al., Appellants, et al., Defendant. — Appeal from an order of the Supreme Court at Special Term (Pennock, J.), entered May 8, 1981 in Albany County, which, *inter alia,* denied defendants' motion to dismiss certain portions of plaintiffs' amended complaint. Following a sterilization procedure performed on Mary Ann Sala on March 16, 1976, plaintiffs were advised by the defendant physicians that contraceptives were no longer required. Within one year, Mary Ann became pregnant and was delivered of a normal, healthy child on October 19, 1977. This court affirmed the dismissal by Special Term of certain causes of action in the complaint (*Sala v Tomlinson,* 73 AD2d 724, app dsmd 49 NY2d 801). The defendant doctors on this appeal contend that Special Term erred in denying their motion to dismiss those causes of action in an amended complaint which seek recovery of damages for medical expenses incurred during

the pregnancy and delivery, and incidental hospital expenses incurred on behalf of the child after delivery. Special Term also declined to dismiss the husband-father's causes of action for damages for the mental and emotional distress alleged as a result of the unsuccessful surgery. Plaintiffs contend that this court's prior determination affirming their right to recovery of "medical expenses as a direct result of an unsuccessful sterilization, and the pain and suffering from the unsuccessful operation" (*Sala v Tomlinson,* 73 AD2d 724, 726, *supra*), should be interpreted to include the expenses for delivery and hospital after-care of the child. This case is distinguished from those cases in which causes of action for damages for "wrongful conception" have been rejected, while causes in cases seeking recovery for pecuniary loss resulting from medical expenses incurred in the delivery of a child desired, or unwanted, have been upheld (*Becker v Schwartz,* 46 NY2d 401; *Sorkin v Lee,* 78 AD2d 180, app dsmd 53 NY2d 797; cf. *Clegg v Chase,* 89 Misc 2d 510). We hold that our previous determination sustaining plaintiffs' causes of action to recover "medical expenses as a direct result of an unsuccessful sterilization" (*Sala v Tomlinson,* 73 AD2d 724, 726, *supra*) allows recovery for the medical expenses incurred in the delivery and concomitant postnatal care for the infant in the hospital following birth. Special Term erred in denying defendants' motion to dismiss the causes of action by plaintiff Ronald Sala seeking damages for mental and emotional stress and anxiety on the ground such causes of action are "not * * * derivative * * * but [are] independent, separate and distinct" (see *Tobin v Grossman,* 24 NY2d 609). It is now established that a cause of action for damages for emotional distress and anxiety occasioned by the birth of a child subsequent to an unsuccessful sterilization operation is not recognized in this State (*Sala v Tomlinson, supra;* see *Becker v Schwartz,* 46 NY2d 401, *supra; Howard v Lecher,* 42 NY2d 109). Plaintiff, in alleging that these damages result from the unwanted conception rather than the unwanted birth, fails to distinguish the rule. Order modified, on the law, by reversing so much thereof as denied defendants' motion to dismiss plaintiff Ronald Sala's causes of action for mental and emotional stress and anxiety, and motion granted with respect to said causes of action, and, as so modified, affirmed, without costs. Main, J. P., Casey, Yesawich, Jr., Weiss and Levine, JJ., concur.