■ CHRISTINE S., Appellant, v COMMUNITY HOSPITAL AT

GLEN COVE, Defendant, and SHAWN M., Respondent. [609 NYS2d 78] —In an action to recover damages for assault and battery, the plaintiff appeals from an order of the Supreme Court, Nassau County (Kutner, J.), dated March 25, 1992, which granted the motion of the defendant Shawn M. (Anonymous) for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is reversed, on the law, with costs, the motion for summary judgment is denied, and the complaint is reinstated insofar as asserted against Shawn M.

On March 13, 1986, the plaintiff visited her gynecologist, the defendant Shawn M. (Anonymous), for a pap smear and regarding complaints with her bowels. During that part of the physical examination which was performed without the presence of a nurse, the plaintiff alleges that the defendant doctor sexually abused her.

In support of his motion for summary judgment, the defendant doctor submitted the affidavits of medical experts who affirmed, *inter alia,* that the physical examination performed by the defendant doctor was within the scope of that which was required given the nature of the plaintiff's complaints and medical history. The experts failed to address, however, the specific facts upon which the plaintiff based her action sounding in assault and battery. Therefore, we find that that the defendant doctor failed to tender sufficient evidence entitling him to summary judgment as a matter of law *(see generally, Alvarez v Prospect Hosp.,* 68 NY2d 320).

Moreover, as the wrongful acts allegedly committed by the defendant doctor fall within the competence of a lay jury to evaluate, the plaintiff's failure to submit expert testimony in opposition to the defendant doctor's motion for summary judgment is not fatal *(see, Hammer v Rosen,* 7 NY2d 376). Sullivan, J. P., Miller, O'Brien and Krausman, JJ., concur.