■ In the Matter of DORENE T. KANIA, Individually and as Executrix of EDWARD KANIA, Deceased, Respondent, v RONALD N. SUCHOCKI et al., Doing Business as ORLOWSKI-SUCHOCKI FUNERAL HOME, Appellants. [741 NYS2d 639] —Appeal from an order of Supreme Court, Erie County (Notaro, J.), entered August 7, 2001, which denied defendants' motion for summary judgment.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this negligence action seeking damages for injuries sustained by her husband

(decedent) when he fell down a flight of stairs located off the public hallway at defendants' funeral home. Decedent testified at his deposition that he never saw the stairs and was not attempting to descend the stairs when he fell. He further testified that he asked directions to the bathroom, turned to his right and fell down the stairs. Supreme Court properly denied defendants' motion for summary judgment dismissing the complaint. The evidence submitted by defendants in support of the motion raises an issue of fact whether the stairs constituted a dangerous condition of which defendants had constructive or actual notice. Defendants submitted color photographs of the site of the accident, which depict the proximity of the stairs to the doorway between the visiting room/chapel and the hallway, thus raising an issue of fact with respect to constructive notice (*see McPherson v Van Kouwenberg,* 258 AD2d 885, 886). In addition, they submitted the deposition testimony of defendant Ronald N. Suchocki acknowledging that two other persons had fallen in the same area on prior occasions, thus raising an issue of fact with respect to actual notice. Defendants' expert, although concluding that the stairs did not constitute a dangerous condition, failed to address "the specific facts upon which the plaintiff based her action" (*Christine S. v Community Hosp. at Glen Cove,* 202 AD2d 567, 568), i.e., that the placement of the podium for the book register directly across from the doorway would distract a person exiting the visiting room/chapel from realizing that there was an open stairway less than two feet to the right of the doorway. In light of the failure of defendants to meet their initial burden, we do not examine the sufficiency of plaintiff's responding papers (*see Alvarez v Prospect Hosp.,* 68 NY2d 320, 324; *Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853). Present—Pigott, Jr., P.J., Green, Hurlbutt, Burns and Lawton, JJ.