■ ARLENE GOLDSTEIN, Respondent, v TOWN OF WARWICK, Appellant. [929 NYS2d 765]—

The defendant contends that the plaintiff's negligent operation of her vehicle was the sole proximate cause of the accident. Although this contention was argued for the first time in the defendant's reply papers in support of its motion for summary judgment, this Court may address the issue because the plaintiff had the opportunity to respond in surreply (see *Matter of Hayden v County of Nassau*, 16 AD3d 415 [2005]; *Teplitskaya v 3096 Owners Corp.*, 289 AD2d 477 [2001]; *Basile v Grand Union Co.*, 196 AD2d 836 [1993]). In support of its motion, the Town failed to submit evidence sufficient to establish, prima facie, that the absence of a guardrail at the accident site was not a proximate cause of the accident. As the Town submitted conflicting factual evidence, it cannot be said as a matter of law that the plaintiff's alleged negligent operation of her vehicle was the sole proximate cause of the accident (cf. *Sherwood v State of New York*, 238 AD2d 396 [1997]; *Muhlrad v Town of Goshen*, 231 AD2d 615 [1996]). Since the Town failed to meet its initial burden as the movant, it is not necessary to review the sufficiency of the plaintiff's opposition papers (see *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

Accordingly, the Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint. Dillon, J.P., Angiolillo, Dickerson and Cohen, JJ., concur.