JACQUELINE MORROW et al., Respondents, v DENNIS GALLAGHER, Appellant. [979 NYS2d 395]—

The plaintiff Jacqueline Morrow (hereinafter the injured plaintiff), and her husband suing derivatively, commenced the instant action to recover damages arising from an incident that took place on July 8, 2007, when the defendant forcibly touched and sexually abused the injured plaintiff. As relevant to the instant appeal, in the first cause of action of the verified complaint, the plaintiffs alleged that the defendant "wilfully, wantonly, maliciously, and recklessly assaulted, battered, raped, fondled, forcibly touched and otherwise came into unpermitted, offensive and harmful physical and sexual contact with the person of the [injured] plaintiff."

After issue was joined, the plaintiffs moved for summary judgment on the issue of liability, relying, inter alia, upon a transcript of a related criminal prosecution, wherein the defendant pleaded guilty to forcible touching (Penal Law § 130.52) and sexual abuse in the third degree (Penal Law § 130.55). The plaintiffs argued that the doctrine of collateral estoppel applied and that the defendant was precluded from relitigating the issues decided in the criminal action. The Supreme Court granted that branch of the plaintiffs' motion which was for summary judgment on the issue of liability as to the first cause of action.

"Where a criminal conviction is based upon facts identical to those in issue in a related civil action, the plaintiff in the civil action can successfully invoke the doctrine of collateral estoppel to bar the convicted defendant from litigating the issue of his liability" (*McDonald v McDonald*, 193 AD2d 590, 590 [1993]; *see D'Arata v New York Cent. Mut. Fire Ins. Co.*, 76 NY2d 659, 664 [1990]; *Maiello v Kirchner*, 98 AD3d 481, 482 [2012]; *Blaich v Van Herwynen*, 37 AD3d 387, 388 [2007]; *Lili B. v Henry F.*, 235 AD2d 512 [1997]). The doctrine applies whether the conviction resulted from a plea or a trial (*see D'Arata v New York Cent. Mut. Fire Ins. Co.*, 76 NY2d at 664; *City of New York v College Point Sports Assn., Inc.*, 61 AD3d 33, 42 [2009]). "The party seeking the benefit of collateral estoppel bears the burden of proving that the identical issue was necessarily decided in the prior proceeding, and is decisive of the present action" (*City of New York v College Point Sports Assn., Inc.*, 61 AD3d at 42; *see Buechel v Bain*, 97 NY2d 295, 304 [2001], *cert denied* 535 US 1096 [2002]; *D'Arata v New York Cent. Mut. Fire Ins. Co.*, 76 NY2d at 664; *Maiello v Kirchner*, 98 AD3d at 482; *Zannelli v Walker*, 27 AD3d 460, 461 [2006]). "The party against whom preclusion is sought bears the burden of demonstrating the absence of a full and fair opportunity to contest the prior deter-

mination" (*City of New York v College Point Sports Assn., Inc.,* 61 AD3d at 42; *see Buechel v Bain,* 97 NY2d at 304).

Here, the proof submitted by the plaintiffs in support of their motion for summary judgment, which included the transcript of the related criminal action, was sufficient to satisfy their prima facie burden of entitlement to judgment as a matter of law on the issue of liability with regard to the claims of assault, battery, fondling and forcible touching (*see Wende C. v United Methodist Church, N.Y. W. Area,* 4 NY3d 293, 298 [2005], *cert denied* 546 US 818 [2005]; *Gould v Rempel,* 99 AD3d 759, 760 [2012]; *Marilyn S. v Independent Group Home Living Program, Inc.,* 73 AD3d 895, 897 [2010]; *Tillman v Nordon,* 4 AD3d 467, 468 [2004]). In opposition, the defendant failed to raise a triable issue of fact as to those claims. Accordingly, the Supreme Court properly granted those branches of the plaintiffs' motion which were for summary judgment on the issue of liability as to the claims of assault, battery, fondling, and forcible touching.

However, the Supreme Court erred in granting that branch of the plaintiffs' motion which was for summary judgment on the issue of liability as to the claim of rape. With regard thereto, the "identity of issue" requirement of collateral estoppel was not satisfied (*see generally Zannelli v Walker,* 27 AD3d at 461). The crimes to which the defendant pleaded guilty did not include rape.

The defendant's remaining contentions are without merit. Rivera, J.P., Balkin, Hall and Sgroi, JJ., concur.