■ RIVER VIEW AT PATCHOGUE, LLC, Appellant, v HUDSON INSURANCE COMPANY, Respondent. [998 NYS2d 55]—

In an action pursuant to Insurance Law § 3420 (a) (2) to recover the amount of an unsatisfied judgment against the defendant's insured, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Pines, J.), dated September 26, 2012, as granted that branch of the defendant's motion which was for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

VTEQE, Ltd., entered into an agreement with the plaintiff to perform certain environmental remediation work on real property owned by the plaintiff. The defendant, Hudson Insurance Company (hereinafter Hudson), had issued a policy of commercial liability insurance to VTEQE, Ltd., VTEQE, Inc., and their principals (hereinafter collectively the VTEQE group). During the performance of the remediation work, the plaintiff learned that the VTEQE group was under investigation in connection with improper remediation practices. That investigation ultimately led to the criminal prosecution and conviction of the VTEQE group. The plaintiff incurred significant costs in hiring another entity to perform additional work at the property.

The plaintiff subsequently commenced an action to recover damages against the VTEQE group (hereinafter the River View action), and Hudson thereafter commenced a separate action against the VTEQE group, seeking a judgment declaring that it was not obligated to defend or indemnify it in the River View action due to a breach of the notice requirements under the policy (hereinafter the declaratory judgment action). On February 1, 2010, the Supreme Court, New York County, awarded summary judgment in favor of Hudson in the declaratory judgment action, declaring that it had no obligation to defend or indemnify the VTEQE group in the River View action because it was not afforded timely notice of the claim, as required by the subject policy. The plaintiff ultimately procured a judgment by settlement in the River View action, without Hudson's knowledge or participation.

The plaintiff subsequently commenced this action to compel Hudson to pay the judgment pursuant to the policy it issued to the VTEQE group. Hudson moved, inter alia, for summary judgment dismissing the complaint on various grounds. After soliciting additional submissions on the question of whether the determination in the declaratory judgment action precluded the plaintiff from litigating the coverage issue in this action, the Supreme Court granted that branch of Hudson's motion which was for summary judgment dismissing the complaint. We affirm.

Contrary to the plaintiff's contentions, the Supreme Court did not err in considering the collateral estoppel effect of the determination in the declaratory judgment action, since Hudson specifically raised the preclusive effect of that determination in the sixth affirmative defense in its answer. Moreover, Hudson argued this issue in its reply papers in support of its motion, and the Supreme Court adjourned the motion for the express purpose of allowing the parties to submit additional evidence and arguments with respect to that issue, thereby obviating any claim of prejudice or surprise by the plaintiff (*see Held v Kaufman*, 91 NY2d 425, 430 [1998]; *Goldstein v Town of Warwick*, 87 AD3d 1054 [2011]).

Furthermore, the Supreme Court properly awarded summary judgment to Hudson. "Collateral estoppel, or issue preclusion, 'precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party . . . whether or not the tribunals or causes of action are the same' " (*Parker v Blauvelt Volunteer Fire Co.*, 93 NY2d 343, 349 [1999], quoting *Ryan v New York Tel. Co.*, 62 NY2d 494, 500 [1984]). "The doctrine applies if the issue in the second action is identical to an issue which was raised, necessarily decided and material in the first action, and the [party against whom the issue was decided] had a full and fair opportunity to litigate the issue in the earlier action" (*Parker v Blauvelt Volunteer Fire Co.*, 93 NY2d at 349). The party seeking the protection of collateral estoppel bears the burden of proving that the identical issue was necessarily decided in the prior action and is decisive of the present action (*see Morrow v Gallagher*, 113 AD3d 827 [2014]). " 'The party against whom preclusion is sought bears the burden of demonstrating the absence of a full and fair opportunity to contest the prior determination' " (*id.* at 828-829, quoting *City of New York v College Point Sports Assn., Inc.*, 61 AD3d 33, 42 [2009]; *D'Arata v New York Cent. Mut. Fire Ins. Co.*, 76 NY2d 659, 664 [1990]). "Generally, a nonparty to a prior litigation may be col-

laterally estopped by a determination in that litigation by having a relationship with a party to the prior litigation such that his own rights or obligations in the subsequent proceeding are conditioned in one way or another on, or derivative of, the rights of the party to the prior litigation" (*D'Arata v New York Cent. Mut. Fire Ins. Co.*, 76 NY2d at 664).

Here, Hudson established, prima facie, that the plaintiff is in privity with the VTEQE group for the purpose of the application of collateral estoppel (*see id.* at 664-665). When a plaintiff maintains a direct action against an insurer pursuant to Insurance Law § 3420, it "stands in the shoes" of the insured and can have no greater rights than the insured (*id.* at 665; *see Zimmerman v Tower Ins. Co. of N.Y.*, 13 AD3d 137, 138-139 [2004]). The plaintiff, by proceeding directly against Hudson, does so as subrogee of the VTEQE group's rights and is subject to whatever rules of estoppel would apply to the VTEQE group (*see id.* at 665; *Sun Ins. Co. of N.Y. v Hercules Sec. Unlimited*, 195 AD2d 24, 32 [1993]). Hudson further demonstrated that the issue considered and decided on the merits in the declaratory judgment action was identical to the issue presented in the instant action, i.e., whether Hudson was obligated to defend or indemnify the VTEQE group in the River View action. Thus, Hudson established its prima facie entitlement to judgment as a matter of law (*see Morrow v Gallagher*, 113 AD3d 827 [2014]).

In opposition, the plaintiff failed to raise a triable issue of fact regarding the identity of the issues or its full and fair opportunity to litigate the issue in the declaratory judgment action.

The plaintiff's remaining contentions are without merit.

Accordingly, the Supreme Court properly granted that branch of Hudson's motion which was for summary judgment dismissing the complaint. Mastro, J.P., Balkin, Miller and Duffy, JJ., concur.