◾ DENISE SPENCER, Appellant, v TOWER INSURANCE GROUP CORPORATION, Respondent. [13 NYS3d 492]—

In an action pursuant to Insurance Law § 3420 (a) (2) to recover the amount of an unsatisfied judgment against the defendant's insured, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Rothenberg, J.), dated April 3, 2014, as granted that branch of the defendant's cross motion which was pursuant to CPLR 3211 (a) (5) to dismiss the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff was injured when she slipped and fell at premises owned by Sara Zacharia. The defendant, Tower Insurance Group Corporation (hereinafter Tower), had previously issued a homeowner's insurance policy to Zacharia. The plaintiff commenced an action to recover damages for personal injuries against Zacharia and others. While that action was pending, Tower commenced an action against the plaintiff and Zacharia in the Supreme Court, New York County, for a judgment declaring that it had no duty to defend or indemnify Zacharia in the underlying personal injury action.

In the declaratory judgment action, the Supreme Court granted Tower's motion for summary judgment and declared that it had no duty to defend or indemnify Zacharia in the underlying personal injury action, since Zacharia never resided at the premises, as required by the policy. The plaintiff ultimately obtained a judgment against Zacharia in the

personal injury action. The plaintiff subsequently commenced this action to compel Tower to pay the amount of the judgment.

The Supreme Court properly granted that branch of Tower's cross motion which was pursuant to CPLR 3211 (a) (5) to dismiss the instant complaint. "Collateral estoppel, or issue preclusion, 'precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party . . . , whether or not the tribunals or causes of action are the same' " (*Parker v Blauvelt Volunteer Fire Co.*, 93 NY2d 343, 349 [1999], quoting *Ryan v New York Tel. Co.*, 62 NY2d 494, 500 [1984]). "The doctrine applies if the issue in the second action is identical to an issue which was raised, necessarily decided and material in the first action, and the [party against whom the issue was decided] had a full and fair opportunity to litigate the issue in the earlier action" (*Parker v Blauvelt Volunteer Fire Co.*, 93 NY2d at 349).

Here, the plaintiff is in privity with Zacharia for the purpose of the application of collateral estoppel (*see River View at Patchogue, LLC v Hudson Ins. Co.*, 122 AD3d 824, 826 [2014]). When a plaintiff maintains a direct action against an insurer pursuant to Insurance Law § 3420, the plaintiff stands in the shoes of the insured and can have no greater rights than the insured (*see D'Arata v New York Cent. Mut. Fire Ins. Co.*, 76 NY2d 659, 665 [1990]). Here, the plaintiff, by proceeding directly against Tower, does so as subrogee of Zacharia's rights and is subject to whatever rules of estoppel would apply to Zacharia (*see id.* at 665; *River View at Patchogue, LLC v Hudson Ins. Co.*, 122 AD3d at 826). Further, the issue considered and decided on the merits in the declaratory judgment action was identical to the issue presented in the instant action, namely, whether Tower was obligated to defend or indemnify Zacharia in the personal injury action (*see River View at Patchogue, LLC v Hudson Ins. Co.*, 122 AD3d at 826). In addition, the plaintiff had a full and fair opportunity to litigate the issue in the declaratory judgment action (*see id.*). Accordingly, the plaintiff is precluded from relitigating the issue in the instant action. Eng, P.J., Hall, Hinds-Radix and LaSalle, JJ., concur.