Appeal from an order of the Supreme Court, Niagara County (Richard C. Kloch, Sr., A.J.), entered March 12, 2015. The order denied defendants’ motion for summary judgment dismissing plaintiff’s complaint.
It is hereby ordered that the order so appealed from is affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries she allegedly sustained when a trap door came down onto her head as she walked upstairs from the basement of the bar where she worked. Defendants, the owners of the premises, moved for summary judgment dismissing the complaint. Supreme Court denied the motion, and we affirm. Defendants failed to meet their initial burden of establishing as a matter of law that the door did not constitute a dangerous condition in view of the absence of a latch or other mechanism to secure it in the open position (see Daries v Haym Solomon Home for Aged, 4 AD3d 447, 448 [2004]; see generally Bielicki v Excel Indus., Inc., 104 AD3d 1318, 1319 [2013]; Matter of Kania v Suchocki, 294 AD2d 926, 927 [2002]), that they lacked actual or constructive notice of the allegedly dangerous condition (see Rachlin v Michaels Arts & Crafts, 118 AD3d 1391, 1392-1393 [2014]; Hanley v Affronti, 278 AD2d 868, 869 [2000]; see generally Harris v Seager, 93 AD3d 1308, 1308-1309 [2012]), or that the allegedly dangerous condition of the door was not a *1343 proximate cause of the accident (see Mercedes v Menella, 34 AD3d 655, 656 [2006]; Losurdo v Skyline Assoc., L.P., 24 AD3d 1235, 1237 [2005]; cf. Anilus v Realties, 206 AD2d 446, 447 [1994]). “Given that defendant^] failed to meet [their] initial burden, we do not address [their] contention that the expert affidavit submitted by plaintiff was insufficient to raise a triable issue of fact” (Letts v Globe Metallurgical, Inc., 89 AD3d 1523, 1524 [2011]; see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).
Contrary to the position of the dissent, we conclude that the record does not definitively establish that the alleged accident resulted from a person intentionally closing the door. Plaintiffs theory of the case does not presuppose that the door was closed intentionally, and her testimony that the wife of one of the bar’s owners closed the door on her is based on hearsay and thus insufficient to meet defendants’ motion burden (see Kramer v Oil Servs., Inc., 56 AD3d 730, 730 [2008]; Smilanich v Sauna Buffalo, 267 AD2d 1049, 1049 [1999]; see generally Cox v State of New York, 3 NY2d 693, 698 [1958]). In any event, that testimony is contradicted by the testimony of the bar owner in question that he was the one who closed the door at the relevant time and that plaintiff was not on the stairs when he did so.
All concur except Carni, J., who dissents and votes to reverse in accordance with the following memorandum.