Morrow v Gallagher (2018 NY Slip Op 05300)





Morrow v Gallagher


2018 NY Slip Op 05300


Decided on July 18, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 18, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SANDRA L. SGROI
COLLEEN D. DUFFY
ANGELA G. IANNACCI, JJ.


2016-11383
 (Index No. 700042/08)

[*1]Jacqueline Morrow, et al., respondents, 
v
Dennis Gallagher, appellant.


Sullivan & Galleshaw, LLP, Queens, NY (Keith M. Sullivan and Nicole M. Murdocca of counsel), for appellant.
Chiariello & Chiariello, Glen Cove, NY (Gerald Chiariello II of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for assault and battery, the defendant appeals from an order of the Supreme Court, Queens County (Denis J. Butler, J.), entered October 13, 2016. The order granted the plaintiffs' motion for a protective order pursuant to CPLR 3103(a) limiting the scope of the deposition of the plaintiff Jacqueline Morrow as to damages only with regard to the causes of action alleging assault, battery, fondling, and forcible touching.
ORDERED that the order is affirmed, with costs.
This is the second appeal to this Court in the instant action. The action arises from an incident that took place on June 8, 2007, when the defendant forcibly touched and sexually abused the plaintiff Jacqueline Morrow (hereinafter the plaintiff). In the decision and order determining the prior appeal (see Morrow v Gallagher, 113 AD3d 827), this Court, among other things, affirmed the Supreme Court's granting of that branch of the plaintiffs' motion which was for summary judgment on the issue of liability on the causes of action alleging assault, battery, fondling, and forcible touching. On that appeal, with regard to those causes of action, this Court determined that the evidence submitted by the plaintiffs in support of their motion for summary judgment, which included the transcript of a related criminal action wherein the defendant pleaded guilty to forcible touching (Penal Law § 130.52) and sexual abuse in the third degree (Penal Law § 130.55), was sufficient to satisfy their burden of showing, prima facie, the plaintiffs' entitlement to judgment as a matter of law on the issue of liability (see Morrow v Gallagher, 113 AD3d at 829) and, in opposition thereto, the defendant failed to raise a triable issue of fact.
Thereafter, the Supreme Court granted the plaintiffs' motion for a protective order pursuant to CPLR 3103(a) limiting the scope of the deposition of the plaintiff as to damages only with regard to the causes of action alleging assault, battery, fondling, and forcible touching. The plaintiffs indicated that they would withdraw the cause of action alleging rape that they had originally asserted in the complaint.
"Disclosure in civil actions is generally governed by CPLR 3101(a), which directs: [t]here shall be full disclosure of all matter material and necessary in the prosecution or defense of an action, regardless of the burden of proof'" (Forman v Henkin, 30 NY3d 656, 661, quoting CPLR 3101[a]). However, "unlimited disclosure is not mandated, and the rules provide that the court may issue a protective order denying, limiting, conditioning or regulating the use of any disclosure device' to prevent unreasonable annoyance, expense, embarrassment, disadvantage, or other prejudice to any person or the courts'" (County of Suffolk v Long Is. Power Auth., 100 AD3d 944, 946, quoting CPLR 3103[a]; see Berkowitz v 29 Woodmere Blvd. Owners', Inc., 135 AD3d 798, 799; Jet One Group, Inc. v Halcyon Jet Holdings, Inc., 111 AD3d 890, 891). "The supervision of disclosure and the setting of reasonable terms and conditions therefor rests within the sound discretion of the trial court and, absent an improvident exercise of that discretion, its determination will not be disturbed" (Montalvo v CVS Pharm., Inc., 102 AD3d 842, 843 [internal quotation marks omitted]).
Here, the Supreme Court providently exercised its discretion in granting the plaintiffs' motion for a protective order pursuant to CPLR 3103(a) limiting the scope of the deposition of the plaintiff as to damages only with regard to the causes of action alleging assault, battery, fondling, and forcible touching. Inasmuch as liability has been established as to these causes of action, only the disclosure of facts relevant to damages on those claims are "material and necessary in the prosecution or defense" thereof (CPLR 3101[a]). Accordingly, we will not disturb the court's determination.
The defendant's remaining contentions are without merit.
RIVERA, J.P., SGROI, DUFFY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court