Kennedy v Hubsher (2021 NY Slip Op 02142)





Kennedy v Hubsher


2021 NY Slip Op 02142


Decided on April 7, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 7, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
PAUL WOOTEN, JJ.


2017-02932
 (Index No. 503568/13)

[*1]Kerry Kennedy, respondent, 
v
Marshall Hubsher, appellant, et al., defendants.


Marshall Hubsher, Marcy, NY, appellant pro se.
Teitelbaum Law Group, LLC, White Plains, NY (Jay Teitelbaum of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries, the defendant Marshall Hubsher appeals from an order of the Supreme Court, Kings County (Debra Silber, J.), dated December 8, 2016. The order granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging medical malpractice against that defendant.
ORDERED that the order is affirmed, with costs.
As is relevant to this appeal, in June 2013, the plaintiff commenced this action against the defendant Marshall Hubsher (hereinafter the defendant) and others to recover damages arising out of an incident that occurred in April 2012 when the defendant, a psychiatrist, engaged in sexual acts with the plaintiff, his patient, during a treatment session. The defendant was arrested and indicted on charges of rape in the third degree (Penal Law § 130.25[1]) and criminal sexual act in the third degree (Penal Law § 130.40[1]) in connection with the incident. In July 2016, the defendant was convicted, after a jury trial, of both charges and was sentenced to three years' imprisonment. Those convictions were affirmed by this Court (see People v Hubsher, 176 AD3d 972).
In this action, the plaintiff moved, inter alia, for summary judgment on the issue of liability on the cause of action alleging medical malpractice against the defendant. In support of her motion, the plaintiff submitted, among other things, her own affidavit identifying herself as the victim of the defendant's criminal acts and transcripts from the criminal trial, which included her testimony at the criminal trial, as well as exhibits that had been admitted into evidence at that trial. Among other things, during the criminal trial, the plaintiff testified that the defendant's acts caused her mental and emotional suffering and that she felt totally powerless and teary immediately after the incident. She also testified that she stopped taking her medicine and developed a mistrust of doctors, especially male doctors, and that she was thereafter hospitalized on two different occasions. In opposition, the defendant submitted, inter alia, his own affidavit and exhibits from the criminal trial. In an order dated December 8, 2016, the Supreme Court granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging medical malpractice against the defendant. The defendant appeals. We affirm.
Collateral estoppel bars a party from relitigating in a subsequent proceeding any issue that was raised in a prior proceeding and decided against that party where the party had a full and fair opportunity to contest the prior determination (see Sang Seok Na v Schietroma, 172 AD3d 1263, 1265). "'Where a criminal conviction is based upon facts identical to those in issue in a related civil action, the plaintiff in the civil action can successfully invoke the doctrine of collateral estoppel to bar the convicted defendant from [re]litigating the issue of his liability'" (Morrow v Gallagher, 113 AD3d 827, 828, quoting McDonald v McDonald, 193 AD2d 590, 590). "'The party seeking the benefit of collateral estoppel bears the burden of proving that the identical issue was necessarily decided in the prior proceeding, and is decisive of the present action'" (Morrow v Gallagher, 113 AD3d at 828, quoting City of New York v College Point Sports Assn., Inc., 61 AD3d 33, 42). "'The party against whom preclusion is sought bears the burden of demonstrating the absence of a full and fair opportunity to contest the prior determination'" (Morrow v Gallagher, 113 AD3d at 828-829, quoting City of New York v College Point Sports Assn., Inc., 61 AD3d at 42).
In opposition to the plaintiff's motion, the defendant did not argue that he was deprived of a full and fair opportunity to contest the prior determination. Instead, the defendant argued only that the issues in the civil and criminal trial are not identical, the plaintiff's identity as the victim in the criminal case is still an issue, there is no evidence of a physician-patient relationship between the parties, and the plaintiff's motion should fail as she did not proffer expert testimony as to the deviation from the standard of care. Each of the defendant's contentions is without merit.
In the criminal action, the defendant was convicted of rape in the third degree in violation of Penal Law § 130.25(1) and engaging in a criminal sexual act in the third degree in violation of Penal Law § 130.40(1). The charges and the defendant's convictions arose out of the same incident about which the plaintiff commenced this civil action. A person is guilty of committing rape in the third degree when "[h]e or she engages in sexual intercourse with another person who is incapable of consent by reason of some factor other than being less than seventeen years old" (Penal Law § 130.25[1]). "A person is guilty of criminal sexual act in the third degree when . . . [h]e or she engages in oral sexual conduct or anal sexual conduct with a person who is incapable of consent by reason of some factor other than being less than seventeen years old" (Penal Law § 130.40[1]). Insofar as relevant here, a person is incapable of consent when "he or she is . . . a client or patient and the actor is a health care provider or mental health care provider . . . and the act of sexual conduct occurs during a treatment session, consultation, interview, or examination" (Penal Law § 130.05[3][h]). Accordingly, the plaintiff's trial testimony in the criminal action established that she was the victim of the defendant's criminal acts and the very nature of the charges for which the defendant was convicted belie the defendant's contentions regarding the parties' physician-patient relationship and the identity of the issues, including proximate cause (see e.g. Hammer v Rosen, 7 NY2d 376, 380).
The defendant's contention that the lack of an expert affidavit demonstrating a departure from a standard of care is fatal to the plaintiff's motion also is without merit. When the very nature of the act complained of bespeaks improper treatment and malpractice no expert affidavit is required to demonstrate a deviation from the standard of care (see id. at 380; see generally Christine S. v Community Hosp. at Glen Cove, 202 AD2d 567, 568). Here, the nature of the defendant's criminal acts bespeaks medical malpractice (see Hammer v Rosen, 7 NY2d at 380).
The defendant's remaining contentions are either not properly before this Court (see Roman v 233 Broadway Owners, LLC, 99 AD3d 887, 887) or without merit.
DILLON, J.P., AUSTIN, DUFFY and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court