Aya R. v Elbaz (2023 NY Slip Op 00119)

Aya R. v Elbaz

2023 NY Slip Op 00119

Decided on January 11, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 11, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
VALERIE BRATHWAITE NELSON
ROBERT J. MILLER
JOSEPH J. MALTESE, JJ.

2020-00133 
2020-01574
 (Index No. 713998/17)

[*1]Aya R. (Anonymous), respondent,
v
Refat Elbaz, appellant.

Siegle & Sims LLP, New York, NY (Jonathan D. Sims of counsel), for appellant.
Law Office of Daniel R. Olivieri, P.C., Jericho, NY, for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for battery, the defendant appeals from (1) an order of the Supreme Court, Queens County (Ulysses B. Leverett, J.), entered December 23, 2019, and (2) an order the same court entered January 29, 2020. The order entered December 23, 2019, insofar as appealed from, granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging battery. The order entered January 29, 2020, insofar as appealed from, upon reargument, adhered to that prior determination in the order entered December 23, 2019.
ORDERED that the appeal from the order entered December 23, 2019, is dismissed, as the portion of the order appealed from was superseded by so much of the order entered January 29, 2020, as was made upon reargument; and it is further,
ORDERED that the order entered January 29, 2020, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The plaintiff commenced this action, inter alia, to recover damages for battery, arising out of the defendant's sexual abuse of the plaintiff. The plaintiff moved, among other things, for summary judgment on the issue of liability on the cause of action alleging battery, relying, inter alia, upon a transcript of a related criminal prosecution, wherein the defendant pleaded guilty to rape in the third degree (Penal Law § 130.25). In an order entered December 23, 2019, the Supreme Court, among other things, granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging battery. The defendant thereafter moved for leave to reargue his opposition to that branch of the plaintiff's motion. In an order entered January 29, 2020, the court, inter alia, granted the defendant leave to reargue, and, upon reargument, adhered to that prior determination in the order entered December 23, 2019. The defendant appeals.
"'Where a criminal conviction is based upon facts identical to those in issue in a related civil action, the plaintiff in the civil action can successfully invoke the doctrine of collateral estoppel to bar the convicted defendant from relitigating the issue of his [or her] liability'" (Kuznitz [*2]v Funk, 187 AD3d 1006, 1006-1007, quoting Maiello v Kirchner, 98 AD3d 481, 482). "The doctrine applies whether the conviction resulted from a plea or a trial" (Morrow v Gallagher, 113 AD3d 827, 828).
Here, the evidence submitted by the plaintiff in support of her motion, which included the transcript of the related criminal action, was sufficient to satisfy her prima facie burden of demonstrating her entitlement to judgment as a matter of law on the issue of liability on the cause of action alleging battery (see id. at 828; Lili B. v Henry F., 235 AD2d 512, 512). Contrary to the defendant's contention, the doctrine of collateral estoppel bars him from litigating the issue of whether his offensive contact with the plaintiff was without consent, as lack of consent is an element of rape in the third degree (Penal Law §§ 130.05[1], [3][a]; 130.25; see Lili B. v Henry F., 235 AD2d at 512; but see Stavroula S. v Guerriera, 193 AD2d 796, 797).
The defendant's remaining contentions are without merit.
DILLON, J.P., BRATHWAITE NELSON, MILLER and MALTESE, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court