■ ANGELA MALDONADO, Respondent, v SU JONG LEE et al., Appellants. [717 NYS2d 258] —In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (M. Garson, J.), dated March 22, 2000, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff alleges that she sustained injuries when she fell after being hit by the door to the defendants' laundromat as it was closing. The plaintiff claims, *inter alia,* that the excessive force with which the door closed was a proximate cause of her accident.

In support of their motion for summary judgment, the defendants submitted the plaintiff's deposition testimony, in which she acknowledged that for five years before the accident

she had visited the laundromat once a week without incident. The defendants thus established a prima facie case that the door was not defective.

In opposition to the defendants' motion, the plaintiff relied primarily on the affidavit of her expert, engineer, Keith Mantell. The expert, however, offered conclusory opinions without any factual support. Where an expert states his conclusion without reliance on any facts or data, his opinion has no probative value (*see, Amatulli v Delhi Constr. Corp.,* 77 NY2d 525, 533; *Kaluga v Korytowsky,* 269 AD2d 566). Accordingly, the plaintiff failed to raise a triable issue of fact (*see,* CPLR 3212 [b]) and summary judgment should have been granted to the defendants.

The plaintiff's remaining contention is without merit. Mangano, P. J., S. Miller, McGinity, Luciano and Smith, JJ., concur.