(June 4, 2001)

■ MADELINE AQUILA et al., Respondents, v NATHAN'S FAMOUS, INC., Appellant. [725 NYS2d 371] —In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Suffolk County (Costello, J.), dated August 17, 2000, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff Madeline Aquila allegedly sustained injuries when the door to the ladies' room at the defendant's restaurant closed on her right hand as she was attempting to push it open. The plaintiffs claim that the excessive weight of the door, and a defective closing device, proximately caused the accident.

In support of its motion for summary judgment, the defendant submitted the deposition testimony of the general manager of the restaurant where the accident occurred. The witness stated that, during the three-year period prior to the occurrence, no work had been performed on the door, the door frame, or the door-closing device, and she had not been advised of any complaints regarding the functioning of the subject door. The defendant thus established a prima facie case that the

door was not defective (*see, Maldonado v Su Jong Lee,* 278 AD2d 206).

In opposition to the defendant's motion, the plaintiffs failed to submit an affidavit of an engineering expert attesting to the alleged defect (*see, Maldonado v Su Jong Lee, supra*), or any other evidence that raised a triable issue of fact (*see,* CPLR 3212 [b]). Ritter, J. P., Altman, McGinity, Smith and Cozier, JJ., concur.