■ CHRISTINE DARIES, Respondent, v HAYM SOLOMON HOME FOR THE AGED, Appellant, and NEW YORK CITY BOARD OF EDUCATION et al., Respondents. [772 NYS2d 362]—

In an action to recover damages for personal injuries, the defendant Haym Solomon Home for the Aged appeals from an or-

der of the Supreme Court, Kings County (Bruno, J.), dated December 10, 2002, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it, or alternatively, for summary judgment on its cross claims for contractual and common-law indemnification.

Ordered that the order is modified, on the law, by deleting the provisions thereof denying those branches of the motion which were to dismiss the negligence cause of action against the appellant Haym Solomon Home for the Aged insofar as it is based on the theories of vicarious liability and notice of a dangerous condition and substituting therefor provisions granting those branches of the motion; as so modified, the order is affirmed, with costs to the appellant payable by the respondents appearing separately and filing separate briefs.

The plaintiff was injured while visiting her mother at Haym Solomon Home for the Aged (hereinafter Haym Solomon) when a student intern from the New York City Board of Education who was volunteering at Haym Solomon ran into a heavy door with a laundry rack and caused the door to close rapidly and strike her. The plaintiff brought this action against the City of New York and the New York City Board of Education (hereinafter collectively referred to as the City) as well as Haym Solomon. The evidence submitted by the parties established that the City had a supervisor placed at Haym Solomon at all times who exercised total control over the training, supervision, and direction of the student volunteers.

With regard to the plaintiff's claim that Haym Solomon created a dangerous condition by the manner in which its doors were secured, Haym Solomon failed to satisfy its initial burden of making a prima facie showing of entitlement to judgment as a matter of law by eliminating any triable issues of fact (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]). It was not sufficient for Haym Solomon, as the moving party, to simply point to alleged deficiencies in the plaintiff's proof (*see Cincotta v City of New York*, 292 AD2d 558 [2002]).

Haym Solomon did, however, make a prima facie showing that it did not have notice of a dangerous condition caused by people running in its hallways (*see Doherty v Great Atl. & Pac. Tea Co.*, 265 AD2d 447 [1999]). In response, the plaintiff failed to raise an issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]).

Haym Solomon also made a prima facie showing that the City volunteer who crashed into the door was not its employee and that it did not maintain control over the manner in which he worked (*see Kleeman v Rheingold*, 81 NY2d 270 [1993]; *Metling*

*v Punia & Marx,* 303 AD2d 386 [2003]). In response, the plaintiff failed to raise an issue of fact as to whether Haym Solomon could be held vicariously liable for the City employee's negligence.

As an issue of fact remains as to whether Haym Solomon was negligent, that branch of its motion which was for summary judgment on its contractual and common-law indemnification cross claims against the City was properly denied (*see White v 92nd Realty Co.,* 285 AD2d 642 [2001]; *Freeman v National Audubon Socy.,* 243 AD2d 608 [1997]). Krausman, J.P., Schmidt, Mastro and Rivera, JJ., concur.