■ LEROY HUNTER, Appellant, v RIVERVIEW TOWERS, INC., Respondent. [773 NYS2d 290]—

Order, Supreme Court, New York County (Walter Tolub, J.), entered March 19, 2003, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff, a resident of defendant's building, alleges that he was injured when struck by a stairwell door leading to the building's lobby that some children in the stairwell knocked open, and that the force and speed with which the door swung open indicated that defendant failed properly to adjust or otherwise maintain it. Defendant's moving papers established that it conducted weekly safety inspections of the building that included the door's closing mechanism, that it never received any complaints about the door, and that plaintiff had walked to his mailbox many times before without incident. In addition, defendant submitted the report of an expert engineer that the door conformed to the applicable Building Code and was properly adjusted. This was sufficient to show, prima facie, that the door was not defective, and that, even if it were, defendant had no knowledge of the defect, either actual or constructive, for a sufficient time prior to the accident to correct it (*see Aquila v Nathan's Famous*, 284 AD2d 287, 287-288 [2001], citing *Maldonado v Su Jong Lee*, 278 AD2d 206 [2000]; *Pacht v Interna-*

*tional Bus. Machs.,* 228 AD2d 422 [1996]). The burden therefore shifted to plaintiff to adduce evidence of negligence (*see Pacht* at 422). This plaintiff failed to do. As the motion court stated, that the door was defective, or improperly maintained, cannot be inferred merely from the fact that it could be opened fast enough, or hard enough, to knock plaintiff down. Such inference, absent any other evidence of a defect, is too speculative to impose liability (*see Aquila,* 284 AD2d at 288). Concur—Tom, J.P., Mazzarelli, Sullivan, Ellerin and Friedman, JJ.