■ RONI LEZAMA et al., Appellants, v 34-15 PARSONS BLVD, LLC, Respondent. [792 NYS2d 123]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (LeVine, J.), dated February 9, 2004, as granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

In order for a landowner to be liable in tort to a plaintiff who is injured as a result of an allegedly defective condition upon property, it must be established that a defective condition existed and that the landowner affirmatively created the condition or had actual or constructive notice of its existence (*see Bodden v Mayfair Supermarkets,* 6 AD3d 372, 373 [2004]; *Kuchman v Olympia & York, USA,* 238 AD2d 381 [1997]). Summary judgment in favor of a defendant is appropriate where a plaintiff fails to submit any evidence that a particular condition is actually defective or dangerous (*see Przybyszewski v Wonder Works Constr.,* 303 AD2d 482, 483 [2003]).

The Supreme Court properly determined that the door which abruptly closed on the plaintiff Natalia Lezama, causing her to lose control of the stroller in which the infant plaintiff was strapped, did not constitute a defective or dangerous condition. The deposition testimony of the building superintendent established that he inspected the door in question upon its installation a year before the accident and found it operable, was familiar with the door check mechanism that controlled the speed of the door, and found no need to adjust it. The superintendent never observed any problem with the door in question and never received any complaints concerning the speed with which the door closed. This evidence was sufficient to establish a prima facie case that the door was not defective (*see Hunter v*

*Riverview Towers,* 5 AD3d 249 [2004]; *Aquila v Nathan's Famous,* 284 AD2d 287 [2001]; *Walsh v City School Dist. of Albany,* 237 AD2d 811, 812 [1997]).

In opposition, the plaintiffs failed to raise a triable issue of fact. The deposition testimony of the plaintiff Natalia Lezama and her husband was insufficient to permit an inference that the door was somehow defective simply because it rapidly closed on the plaintiff Natalia Lezama. "[T]hat the door was defective, or improperly maintained, cannot be inferred merely from the fact that it could [close] fast enough, or hard enough, to knock [the] plaintiff down" (*Hunter v Riverview Towers, supra* at 250). The affidavit of the plaintiffs' expert was unsupported by facts, data, or specific industry standards, and as such was conclusory and without probative value (*see Maldonado v Su Jong Lee,* 278 AD2d 206, 207 [2000]).

The plaintiffs' remaining contentions are without merit. Cozier, J.P., S. Miller, Spolzino and Skelos, JJ., concur.