■ REGINA WOODS DECARLO, Respondent, v VILLAGE OF DOBBS FERRY et al., Appellants. [828 NYS2d 532]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Westchester County (Murphy, J.), entered May 9, 2006, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is granted.

The plaintiff sustained injuries when the left hand door of a set of double doors in the community center of the defendant Village of Dobbs Ferry allegedly closed too quickly, severing the tip of one of her fingers.

In support of their motion for summary judgment, the defendants submitted the affidavit and report of a building inspector who stated that when he inspected the door shortly after the accident, the closing apparatus was fully functional, operating slowly, and was in full compliance with the Dobbs Ferry Village Code. The Village Recreation Superintendent testified at his deposition that immediately following the accident, he closed the door and it closed in its usual way. He also stated in his affidavit that he used the door daily and never found any need to repair or adjust the mechanism that controlled its closing speed. Additionally, both the Village Recreation Superintendent and the Village Superintendent of Public Works stated that they never received any complaints about the speed of the door closing prior to the plaintiff's accident. This proof established a prima facie case that the door was not defective (*see Aquila v Nathan's Famous,* 284 AD2d 287, 287-288 [2001]; *Maldonado v Su Jong Lee,* 278 AD2d 206, 207 [2000]).

In opposition to the defendants' motion, the plaintiff failed to raise a triable issue of fact as to whether, at the time of her accident, the door was defective and the defendants had actual or constructive notice of this condition. Contrary to the plaintiff's contention, a defective condition is not established merely because the door closed with sufficient force to sever the tip of the plaintiff's finger (*see Lezama v 34-15 Parsons Blvd, LLC,* 16 AD3d 560, 561 [2005]; *Hunter v Riverview Towers,* 5 AD3d 249, 250 [2004]). Also, the opinion of the plaintiff's expert engineer that the left door closed too quickly and therefore was defective, was conclusory and speculative as there was no evidence that the condition of the door that the expert inspected two years after the accident was the same as it was at the time of the accident (*see Cruz v Deno's Wonder Wheel Park,* 297 AD2d 653 [2002]; *Mroz v Ella Corp.,* 262 AD2d 465, 466 [1999]; *Chambers v Roosevelt Union Free School Dist.,* 260 AD2d 594, 594-595 [1999]). Moreover, even if the plaintiff's expert is credited with establishing a defective condition of the door, the complaint is subject to dismissal as the plaintiff failed to raise a triable issue of fact as to whether the defendants had actual or constructive notice of the defect (*see Joyeeta v Trump Mgt., Inc.,* 8 AD3d 351

[2004], citing *Gordon v American Museum of Natural History,* 67 NY2d 836 [1986]). Spolzino, J.P., Ritter, Lunn and Angiolillo, JJ., concur.