■ Enza Fontana, Respondent, v R.H.C. Development, LLC, Defendant/Third-Party Plaintiff-Appellant-Respondent. Lawrence S. Esposito, Third-Party Defendant-Respondent-Appellant. [892 NYS2d 504]—

On August 21, 2003, the plaintiff, Enza Fontana, who worked as a cashier for nonparty Card Corner II, allegedly was injured when the back door of the store closed on her foot. R.H.C. Development, LLC (hereinafter RHC), owned the store space which was leased by the third-party defendant, Lawrence S. Esposito, and which housed Card Corner II. The plaintiff brought this action against RHC, as owner of the premises, alleging negligence. RHC answered, and subsequently brought a third-party action against Esposito for indemnification.

"In order for a landowner to be liable in tort to a plaintiff who is injured as a result of an allegedly defective condition upon property, it must be established that a defective condition existed and that the landowner affirmatively created the condition or had actual or constructive notice of its existence" (*Lezama v 34-15 Parsons Blvd, LLC*, 16 AD3d 560, 560 [2005]; *see Bodden v Mayfair Supermarkets*, 6 AD3d 372, 373 [2004]). Here, the evidence showed that the door that closed on the plaintiff's foot did not constitute a defective or dangerous condition. The plaintiff acknowledged in her deposition testimony that she had worked at Card Corner II for about two years, and during that time had used the door every day without incident, and had never taken any special precautions while holding it. Further, she had never complained about the door before the accident, nor, to her knowledge, had anyone else ever complained about it. This evidence was sufficient to establish a prima facie case that the door was not defective (*see Maldonado v Su Jong Lee*, 278 AD2d 206, 207 [2000]; *see also DeCarlo v Village of Dobbs Ferry*, 36 AD3d 749, 750 [2007]; *Aquila v Nathan's Famous*, 284 AD2d 287, 288 [2001]).

In opposition to RHC's motion, the plaintiff failed to raise a

triable issue of fact. Contrary to the plaintiff's contention, it cannot be inferred that the door was defective or improperly maintained merely because it could close fast enough, or hard enough, to cause the plaintiff's injuries (*see DeCarlo v Village of Dobbs Ferry,* 36 AD3d at 750; *Lezama v 34-15 Parsons Blvd, LLC,* 16 AD3d at 561; *Hunter v Riverview Towers,* 5 AD3d 249, 250 [2004]).

Further, contrary to the plaintiff's contention, the doctrine of res ipsa loquitur is not applicable here. The evidence failed to show either that the accident was "of a kind which ordinarily does not occur in the absence of someone's negligence," or that RHC was in exclusive control of the premises (*Dermatossian v New York City Tr. Auth.,* 67 NY2d 219, 226 [1986]). Accordingly, the Supreme Court should have granted RHC's cross motion for summary judgment.

In light of the above determination, Esposito's motion for summary judgment dismissing the third-party complaint also should have been granted (*see e.g. Brooks v Maintenance Serv. Resources, Inc.,* 44 AD3d 887, 889 [2007]). Skelos, J.P., Dickerson, Eng and Sgroi, JJ., concur.