■ Amy Guterman et al., Appellants, v Board of Education of City of New York et al., Respondents. [914 NYS2d 659]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Kerrigan, J.), dated February 4, 2009, as granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant Board of Education of the City of New York.

Ordered that the order is affirmed insofar as appealed from, with costs.

The injured plaintiff, a teacher at Louis Armstrong Middle School in Queens, allegedly was struck by a stairwell door when a student suddenly appeared and opened the door. Prior to the accident, the injured plaintiff had used the same door without incident on more than 10 occasions and she had never complained about the door. The defendants established the prima facie entitlement of the defendant Board of Education of the

City of New York (hereinafter the Board) to judgment as a matter of law by demonstrating that the Board did not create the alleged hazardous condition of the subject door or have actual or constructive notice of the alleged hazardous condition (*see Fontana v R.H.C. Dev., LLC*, 69 AD3d 561, 562 [2010]; *Hunter v Riverview Towers*, 5 AD3d 249 [2004]). In opposition, the plaintiffs failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the Board. Mastro, J.P., Rivera, Austin and Roman, JJ., concur.