# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1163**
**CA 11-00979**
PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, SCONIERS, AND GREEN, JJ.

---

SEAN LETTS, PLAINTIFF-RESPONDENT,

V                                          MEMORANDUM AND ORDER

GLOBE METALLURGICAL, INC., DEFENDANT-APPELLANT.

---

LAW OFFICES OF LAURIE G. OGDEN, BUFFALO (JOHN WALLACE OF COUNSEL), FOR DEFENDANT-APPELLANT.

BROWN CHIARI LLP, LANCASTER (SAMUEL J. CAPIZZI OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Niagara County (Richard C. Kloch, Sr., A.J.), entered April 8, 2011 in a personal injury action. The order, insofar as appealed from, denied in part the motion of defendant for summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting defendant's motion with respect to the Labor Law § 241 (6) claim in its entirety and dismissing that claim and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action to recover damages for injuries he sustained when a 2,400-pound steel plate that he had welded into place fell on him, pinning him to the floor. Defendant owns the plant where the accident occurred, and the complaint alleges common-law negligence and the violation of Labor Law §§ 200 and 241 (6). Supreme Court granted defendant's motion for summary judgment dismissing the complaint only with respect to part of the Labor Law § 241 (6) claim. We conclude that the court erred in failing to grant defendant's motion with respect to the section 241 (6) claim in its entirety but otherwise properly denied the motion. We therefore modify the order accordingly.

We agree with defendant that neither of the two Industrial Code regulations on which plaintiff relies to support the remainder of his Labor Law § 241 (6) claim are applicable to this case (*see Smith v Le Frois Dev., LLC*, 28 AD3d 1133, 1133-1134). In support of its motion, defendant established that the work in which plaintiff was engaged at the time of his injury did not involve the placing of a load "on open web steel joists" (12 NYCRR 23-2.3 [a] [3]), nor did it involve the "[h]oling or cutting of structural steel members" (12 NYCRR 23-2.3 [b]). Defendant also established that the steel plate plaintiff had

welded was neither a "structural member[]" (12 NYCRR 23-2.3 [a]) nor a "[l]oad-bearing structural steel member[]" (12 NYCRR 23-2.3 [b]).  In response, plaintiff failed to raise a triable issue of fact regarding the applicability of those regulations.  In light of our determination with respect to the inapplicability of those two regulations, we need not address defendant's further contention that plaintiff was not engaged in conduct protected by Labor Law § 241 (6) at the time of his injury.

Contrary to defendant's further contention, the court properly denied those parts of its motion with respect to the common-law negligence and Labor Law § 200 claims.  Indeed, the evidence offered by defendant in support of its motion raised an issue of fact whether defendant, through one of its agents, had input into the method used by plaintiff in carrying out the injury-producing work, and thus defendant failed to meet its initial burden with respect to those two claims (*see Comes v New York State Elec. & Gas*, 82 NY2d 876, 877).  Given that defendant failed to meet its initial burden, we do not address defendant's contention that the expert affidavit submitted by plaintiff was insufficient to raise a triable issue of fact (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853).

Entered:  November 18, 2011                    Patricia L. Morgan
                                               Clerk of the Court