In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Solomon, J.), dated October 19, 2011, which granted the defendants’ motion for summary judgment dismissing the complaint.
Ordered that the order is affirmed, with costs.
The plaintiff allegedly sustained injuries at the defendants’ premises when a table which was being set up collapsed and struck him. At the time, the plaintiff was at the defendants’ premises to attend a meeting of a senior citizens’ club. The defendants provided space where the senior citizens’ club could meet, and the club, which was open to all seniors citizens regardless of religious affiliation, was entirely run by volunteers and funded by membership dues. The subject table was not *471 defective. Rather, one of the volunteers for the club attempted to set it up improperly, causing it to collapse.
The defendants established their entitlement to judgment as a matter of law by demonstrating that they did not create or have actual or constructive notice of any allegedly hazardous condition (see Gordon v American Museum of Natural History, 67 NY2d 836, 837 [1986]), and that they could not be held vicariously liable for the conduct of a volunteer whom they did not control or supervise (see Daries v Haym Solomon Home for Aged, 4 AD3d 447, 448 [2004]; Blais v Balzer, 175 AD2d 385, 386 [1991]).
In opposition, the plaintiff failed to raise a triable issue of fact.
The plaintiffs remaining contentions are without merit.
Accordingly, the Supreme Court properly granted the defendants’ motion for summary judgment dismissing the complaint. Rivera, J.E, Florio, Eng and Cohen, JJ., concur.