Sean Donnelly, an Infant, by His Mother and Natural Guardian, Annmarie Donnelly, Respondent, v St. Agnes Cathedral School, Appellant. [964 NYS2d 262]—

In an action to recover damages for personal injuries, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (K. Murphy, J.), dated March 26, 2012, as denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.

The infant plaintiff, who was 11 years old at the time of the incident, allegedly was injured when a fire door at the defendant's school closed on the fingertips of his right hand. As a result, the infant plaintiff, by his mother and natural guardian, commenced this action against the defendant, alleging causes of action to recover damages based upon premises liability and negligent supervision. The Supreme Court denied the defendant's motion for summary judgment dismissing the complaint.

For a landowner to be liable in tort to a plaintiff injured as a result of an allegedly defective or dangerous condition on the premises, the plaintiff must establish that a defective or dangerous condition existed and that the landowner either created the condition or had actual or constructive notice of its existence in time to remedy it before the plaintiff's injury (see Fontana v R.H.C. Dev., LLC, 69 AD3d 561 [2010]; Lezama v 34-15 Parsons Blvd, LLC, 16 AD3d 560 [2005]).

In support of its summary judgment motion, the defendant submitted, inter alia, the infant plaintiff's deposition testimony. He stated that at the time of the accident he approached the subject door walking forward, but then turned to open it by pushing against it with his back. Thinking that he had heard someone calling him, he began to move forward while trying to hold the door open behind him with his right hand. The door closed, pinching his fingertips between the hinge side of the door and the doorjamb. From the partially opened position, the door took about one to two seconds to close, and the rate at which the door closed was no different from other times the infant plaintiff had used the door. The defendant also submitted evidence that the subject door had been used by scores of children on a daily basis with no previous incidents, that the defendant had received no complaints about the subject door prior to

the infant plaintiff's accident, and that the premises had passed a State-mandated fire safety inspection approximately one month before the incident. With this evidence, the defendant established, prima facie, that the fire door was not defective and that the defendant did not create or have actual or constructive notice of any defective or dangerous condition (*see Fontana v R.H.C. Dev., LLC*, 69 AD3d at 562; *DeCarlo v Village of Dobbs Ferry*, 36 AD3d 749, 750 [2007]; *Lezama v 34-15 Parsons Blvd, LLC*, 16 AD3d at 560; *Aquila v Nathan's Famous*, 284 AD2d 287 [2001]).

In opposition, the plaintiff failed to raise a triable issue of fact as to whether, at the time of the accident, the door was defective. The opinion of the plaintiff's expert engineer that the defendant had failed in its obligation to regularly inspect the closing mechanism on the subject door and that, based on the testimony of the infant plaintiff, the door closed too quickly and therefore was defective, was conclusory, speculative, and not supported by any industry standards (*see Harris v Debbie's Creative Child Care, Inc.*, 87 AD3d 615, 616 [2011]; *DeCarlo v Village of Dobbs Ferry*, 36 AD3d at 750). Moreover, even if the plaintiff's expert is credited with establishing a defective condition of the door, the complaint is subject to dismissal because the plaintiff failed to raise a triable issue of fact as to whether the defendant created or had actual or constructive notice of the defect (*see DeCarlo v Village of Dobbs Ferry*, 36 AD3d at 750; *Joyeeta v Trump Mgt., Inc.*, 8 AD3d 351 [2004], citing *Gordon v American Museum of Natural History*, 67 NY2d 836 [1986]). Thus, the plaintiff failed to raise a triable issue of fact sufficient to defeat that branch of the motion which was for summary judgment dismissing the premises liability cause of action (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Gordon v American Museum of Natural History*, 67 NY2d at 837-838).

With respect to the negligent supervision cause of action, while a school district is not an insurer of the safety of its students, since it cannot reasonably be expected to continuously supervise and control all of their movements and activities, it has a duty to adequately supervise the students in its charge and will be held liable for foreseeable injuries proximately related to the absence of adequate supervision (*see Mirand v City of New York*, 84 NY2d 44, 49 [1994]; *O'Brien v Sayville Union Free School Dist.*, 87 AD3d 569, 570 [2011]). Here, the defendant established its prima facie entitlement to judgment as a matter of law with respect to the cause of action alleging negligent supervision, and in opposition, the plaintiff failed to

raise a triable issue of fact (*see O'Brien v Sayville Union Free School Dist.*, 87 AD3d at 570). Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint. Dillon, J.P., Angiolillo, Austin and Hinds-Radix, JJ., concur. **[Prior Case History: 2012 NY Slip Op 30838(U).]**