■ Julie Hoffman, Appellant, v Thomas Mucci et al., Respondents. [2 NYS3d 531]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Vaughan, J.), dated October 16, 2013, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

On March 9, 2011, the plaintiff allegedly sustained personal injuries while delivering mail to the defendants' premises during the course of her employment as a city carrier for the United States Postal Service. The entrance to the defendants' premises consisted of a glass storm door and a wooden door. The mail slot was located in the wooden door, about six inches above the bottom of the door. To deposit the defendants' mail, the plaintiff opened the storm door, squatted down, and held the storm door open with the left side of her body. The plaintiff contends that, after depositing the mail, she was getting up when the wind apparently blew the storm door open wider, and it then slammed against the plaintiff's body, causing her to fall.

After issue was joined, the defendants moved for summary judgment, contending that the storm door was not defective. In support of their motion, they submitted their deposition

testimony and affidavits attesting that they had used the storm door without incident for approximately 15 years before the day of the subject incident, and for two years thereafter. In opposition, the plaintiff submitted an expert's report that was not in admissible form. In the order appealed from, the Supreme Court granted the defendants' motion on the grounds that the door was not defective or dangerous. The Court further determined that the plaintiff's expert report was not in admissible form and, in any event, was insufficient to raise a triable issue of fact.

In a premises liability case based upon an allegedly defective condition, a plaintiff must establish that a defective condition existed and that the landowner affirmatively created the condition or had actual or constructive notice of its existence (see *Fontana v R.H.C. Dev., LLC*, 69 AD3d 561 [2010]; *Lezama v 34-15 Parsons Blvd, LLC*, 16 AD3d 560 [2005]). Here, the defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that their storm door was not defective (see *Fontana v R.H.C. Dev., LLC*, 69 AD3d 561 [2010]; *DeCarlo v Village of Dobbs Ferry*, 36 AD3d 749 [2007]; *Aquila v Nathan's Famous*, 284 AD2d 287 [2001]). The defendants also established, prima facie, that the doctrine of res ipsa loquitur did not apply in this case (see *Dermatossian v New York City Tr. Auth.*, 67 NY2d 219, 226 [1986]; *Fontana v R.H.C. Dev., LLC*, 69 AD3d 561 [2010]).

In opposition, the plaintiff failed to raise a triable issue of fact. Since the plaintiff's expert report was not in admissible form, the Supreme Court properly declined to consider it in determining the motion (see CPLR 2106; *Mazzola v City of New York*, 32 AD3d 906 [2006]).

Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint. Skelos, J.P., Miller, Hinds-Radix and LaSalle, JJ., concur.