# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**239**
**CA 15-01289**
PRESENT: WHALEN, P.J., SMITH, CARNI, NEMOYER, AND CURRAN, JJ.

---

TERRY SMITH, PLAINTIFF-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

EUGENE SZPILEWSKI AND FELICIA SZPILEWSKI,
DEFENDANTS-APPELLANTS.

---

RODGERS LAW FIRM, BUFFALO (MARK C. RODGERS OF COUNSEL), FOR
DEFENDANTS-APPELLANTS.

COLLINS & COLLINS ATTORNEYS, LLC, BUFFALO (MICHAEL LANCER OF COUNSEL),
FOR PLAINTIFF-RESPONDENT.

--------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Niagara County
(Richard C. Kloch, Sr., A.J.), entered March 12, 2015. The order
denied defendants' motion for summary judgment dismissing plaintiff's
complaint.

It is hereby ORDERED that the order so appealed from is affirmed
without costs.

Memorandum: Plaintiff commenced this action seeking damages for
injuries she allegedly sustained when a trap door came down onto her
head as she walked upstairs from the basement of the bar where she
worked. Defendants, the owners of the premises, moved for summary
judgment dismissing the complaint. Supreme Court denied the motion,
and we affirm. Defendants failed to meet their initial burden of
establishing as a matter of law that the door did not constitute a
dangerous condition in view of the absence of a latch or other
mechanism to secure it in the open position (*see Daries v Haym Solomon
Home for Aged*, 4 AD3d 447, 448; *see generally Bielicki v Excel Indus.,
Inc.*, 104 AD3d 1318, 1319; *Matter of Kania v Suchocki*, 294 AD2d 926,
927), that they lacked actual or constructive notice of the allegedly
dangerous condition (*see Rachlin v Michaels Arts & Crafts*, 118 AD3d
1391, 1392-1393; *Hanley v Affronti*, 278 AD2d 868, 869; *see generally
Harris v Seager*, 93 AD3d 1308, 1308-1309), or that the allegedly
dangerous condition of the door was not a proximate cause of the
accident (*see Mercedes v Menella*, 34 AD3d 655, 656; *Losurdo v Skyline
Assoc., L.P.*, 24 AD3d 1235, 1237; *cf. Anilus v Realties*, 206 AD2d 446,
447). "Given that defendant[s] failed to meet [their] initial burden,
we do not address [their] contention that the expert affidavit
submitted by plaintiff was insufficient to raise a triable issue of
fact" (*Letts v Globe Metallurgical, Inc.*, 89 AD3d 1523, 1524; *see
Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853).

Contrary to the position of the dissent, we conclude that the record does not definitively establish that the alleged accident resulted from a person intentionally closing the door. Plaintiff's theory of the case does not presuppose that the door was closed intentionally, and her testimony that the wife of one of the bar's owners closed the door on her is based on hearsay and thus insufficient to meet defendants' motion burden (see *Kramer v Oil Servs., Inc.*, 56 AD3d 730, 730; *Smilanich v Sauna Buffalo*, 267 AD2d 1049, 1049; see generally *Cox v State of New York*, 3 NY2d 693, 698). In any event, that testimony is contradicted by the testimony of the bar owner in question that he was the one who closed the door at the relevant time and that plaintiff was not on the stairs when he did so.

All concur except CARNI, J., who dissents and votes to reverse in accordance with the following memorandum: I respectfully dissent. Initially, in order to prevail on a motion for summary judgment in a premises liability case, a defendant is " 'required to establish as a matter of law that [it] maintained the property in question in a reasonably safe condition and that [it] neither created the allegedly dangerous condition existing thereon nor had actual or constructive notice thereof' " (*Mokszki v Pratt*, 13 AD3d 709, 710; see *Richardson v Rotterdam Sq. Mall*, 289 AD2d 679, 679). I conclude that defendants met that burden on their motion for summary judgment dismissing the complaint, and that plaintiff failed to raise a triable issue of fact (see *Zuckerman v City of New York*, 49 NY2d 557, 562).

Plaintiff alleges that she was injured when someone closed a trap door on her head as she was ascending a stairway from the basement in the premises. The trap door had been in the same structural condition and configuration since 1981. In support of their motion, defendants established that the trap door opening was protected on two sides with a steel tubular railing 1.5 inches in diameter that was installed approximately nine years before the accident. A third side adjoined a wall such that no foot traffic in the premises could possibly encounter the opening or the opened trap door from that direction. When the trap door, which weighed approximately 50 to 75 pounds, was opened, it leaned against the steel railing. Defendants submitted the deposition testimony of plaintiff, who was employed by the business at the premises three days per week for four years prior to the accident. Plaintiff testified that she opened and closed the trap door between five and six times each day that she worked at the premises. Moreover, plaintiff never observed or was otherwise aware of any occasion when the trap door closed on its own without deliberate human effort. On the day of the accident, plaintiff made at least three prior trips to the basement through the trap door—all without incident. Plaintiff testified that she had never had any trouble with the door and never made, heard, or received any complaints about the operation of the trap door. On her last trip to the basement, plaintiff began to ascend the stairs after retrieving some frozen food packages, and she alleges that the trap door came down and struck her in the head. When asked at her deposition if she knew how the door came down, plaintiff testified: "Lisa put it down. I was told and she apologized. She said she didn't see me going back down." Defendants also submitted the deposition testimony of Robert

Szpilewski (Robert), the owner of the business that occupied the premises, who testified that he had operated the business on the premises for 14 years and had operated the trap door "thousands of times" before the accident. Robert testified that it is "close to impossible" for a person to drop the trap door, and that it is "[not] possible to be able to put [the] door down and not see somebody coming up those stairs." Robert testified that, when closing the trap door, a person has to "stand at the top of the stairs to the left of the rail so you're facing down into the stairwell." Robert never received any complaints about the trap door prior to this incident. According to Robert, and the co-owner of the business, Steven Szpilewski, during the 14-year operation of the business, the trap door has only been closed purposefully, and there has been no prior incident where a person was struck by the trap door. Robert testified that, on the day in question, he was the person who closed the door without knowing that plaintiff was still in the basement, and that plaintiff was not at the bottom of the stairs when he did so. Although plaintiff alleges that Robert's wife, Lisa Szpilewski, closed the door, Robert confirmed that he was the person who closed the trap door before plaintiff's incident. In either case, the evidence is undisputed that the trap door was not inadvertently bumped or accidently caused to close. It was intentionally closed under either version.

In summary, defendants established that the trap door had existed in its date-of-accident condition for at least 14 years; it had been operated thousands of times before the accident without incident or complaint; it is not possible to close the door without having a clear line of sight to the stairway below; it was closed intentionally on the day of the accident and was not and could not be accidently or inadvertently bumped closed. In my view, that evidence was sufficient to satisfy defendants' initial burden on their motion for summary judgment dismissing the complaint to establish that the premises were maintained in a reasonably safe condition and that the trap door was not dangerous or defective (*see Fallon v Duffy*, 95 AD3d 1416, 1416-1417; *Lezama v 34-15 Parsons Blvd, LLC*., 16 AD3d 560, 560-561; *Hunter v Riverview Towers*, 5 AD3d 249, 249; *Aquila v Nathan's Famous*, 284 AD2d 287, 287-288; *Maldonado v Su Jong Lee*, 278 AD2d 206, 206-207).

In opposition, plaintiff submitted the affidavit of an engineer who did not visit the premises to operate and inspect the trap door and the stairway (*see Hoffman v Brown*, 109 AD3d 791, 792). Additionally, inasmuch as there is no evidence that the trap door was closed because it was accidentally "bumped," the engineer's opinion concerning the absence of a means to prevent such an accidental occurrence is irrelevant and without factual foundation. With respect to the actual situation at hand, the engineer opined that a "latch or mechanism to keep the door open would provide a moment of pause for the person closing the door to see if somebody was coming up the stairs before closing the door." Inasmuch as plaintiff's expert did not actually operate or test the trap door, his assumption that there is no "moment of pause" in its existing operation is without foundation. Plaintiff's expert also did not identify any engineering or design standards in support of his opinions and cited no building code provisions (*see Lezama*, 16 AD3d at 561; *Maldonado*, 278 AD2d at

207).  More importantly, plaintiff's expert did not identify any specific "latch or mechanism" that was commercially available, feasible to install, and capable of creating the "moment of pause" he claimed was lacking (*see generally McKeon v Sears, Roebuck & Co.*, 242 AD2d 503, 503-504).  Therefore, in my view, the opinions of plaintiff's engineer were "unencumbered by any trace of facts or data [and thus] should be given no probative force whatsoever" (*Amatulli v Delhi Constr. Corp.*, 77 NY2d 525, 533-534, n 2; *see also Ramirez v Sears, Roebuck & Co.*, 286 AD2d 428, 430).

Turning to the issue of constructive notice, I note that it is well established that, "[t]o constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant[ ] . . . to discover and remedy it" (*Gordon v American Museum of Natural History*, 67 NY2d 836, 837).  Here, defendants established that the trap door had been operated on a daily basis and opened and closed "thousands of times" over 14 years without injury or complaint.  Thus, in my view, defendants also met their burden with respect to the lack of actual or constructive notice and shifted the burden to plaintiff to raise a triable issue of fact (*see Anderson v Justice*, 96 AD3d 1446, 1447-1448; *Fallon*, 95 AD3d at 1416-1417).  For the same reasons discussed above, the affidavit of plaintiff's engineer was also woefully inadequate to raise an issue of fact with respect to notice.

Therefore, I would reverse the order, grant defendants' motion, and dismiss the complaint.

Entered:  May 6, 2016                          Frances E. Cafarell
                                               Clerk of the Court