J.C. v Jerzey Wear, LLC (2018 NY Slip Op 02255)





J.C. v Jerzey Wear, LLC


2018 NY Slip Op 02255


Decided on March 29, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 29, 2018

Friedman, J.P., Tom, Kapnick, Singh, JJ.


6135 350005/14

[*1]J. C., Jr., etc., et al., Plaintiffs-Respondents,
v
Jerzey Wear, LLC doing business as Ronnie's Shore Store, et al., Defendants-Respondents, JCK Construction Corp., et al., Defendants-Appellants.
Jerzey Wear, LLC doing business as Ronnie's Shore Store, et al., Third-Party Plaintiffs-Respondents,
v
JCK Construction Corp., et al., Third-Party Defendants-Appellants.


Congdon, Flaherty, O'Callaghan, Reid, Donlon, Travis & Fishlinger, Uniondale (Michael T. Regan of counsel), for appellants.
Simon Lesser PC, New York (Leonard F. Lesser of counsel), for J.C., Jr. and Georgena Cosentino, respondents.
Milber Makris Plousadis & Seiden, LLP, Woodbury (Samantha B. Lansky of counsel), for Exit 82 LLC, respondent.
Pillinger Miller Tarallo, LLP, New York (Patrice M. Coleman of counsel), for Jerzey Wear, LLC and Ronnie Ortiz-Magro, respondents.



Order, Supreme Court, Bronx County (Kenneth L. Thompson Jr., J.), entered December 27, 2016, which, insofar as appealed from as limited by the briefs, denied the motion of defendants/third-party defendants JCK Construction Corp., Silvio Corridori, and Graciela Corridori (the JCK defendants) for summary judgment dismissing the complaint and all claims as against them, unanimously affirmed, without costs.
Plaintiffs commenced this action to recover for personal injuries that the infant plaintiff sustained when the entrance door to premises owned and/or operated by defendants/third-party plaintiffs Jerzey Wear, LLC d/b/a Ronnie's Shore Shop, Ronnie Ortiz-Magro, and Exit 82 LLC swung shut, pinching his finger with the side of the door. The JCK defendants established their entitlement to judgment as a matter of law through the testimony of Silvio Corridori that he had more than 20 years of experience working with door closing mechanisms, consulted with the manufacturer to determine the proper door closing mechanism for this location, followed the manufacturer's specifications and instructions in installing the door closing mechanism, and tested the door's closing speed to ensure that it complied with the manufacturer's instructions (see e.g. Lezama v 34-15 Parsons Blvd., 16 AD3d 560 [2d Dept 2005]).
In opposition, plaintiffs raised an issue of fact as to whether the door closing mechanism was properly installed, through the affidavit of their expert engineer, who stated that the closing [*2]speed of the door was less than two seconds, which failed to comply with the Americans with Disabilities Act (36 CFR Part 1191, app D § 404.2.8.1), and the manufacturer's instructions. While the expert inspected the door more than two years after the accident, contrary to the JCK defendants' contention that his opinion is speculative, he opined that the closer mechanism was designed to not require adjustments once set in the absence of a structural defect or intentional adjustment, which the owner of Exit 82 stated never occurred. Such an opinion is sufficient to raise a triable issue of fact regarding whether the closer mechanism was properly installed (see generally Matott v Ward, 48 NY2d 455, 458-462 [1979]). Moreover, whether the closing speed of the door was a proximate cause of the infant plaintiff's injuries is an issue of fact.
Because Exit 82 failed to appeal from Supreme Court's order, which denied its motion for summary judgment, this Court cannot grant it affirmative relief on its claim, unrelated to this appeal, that it is an out-of-possession landlord that cannot be liable (see Taveras v 1149 Webster Realty Corp., 134 AD3d 495,
497 [1st Dept 2015], affd 28 NY3d 958 [2016]). In any event, on this record it failed to establish either that it was out-of-possession or that it was not obligated to make repairs.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 29, 2018
DEPUTY CLERK