Jones v Underhill Realty, LLC (2018 NY Slip Op 02546)





Jones v Underhill Realty, LLC


2018 NY Slip Op 02546


Decided on April 12, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 12, 2018

Sweeny, J.P., Richter, Andrias, Webber, Moulton, JJ.


6257 307690/10

[*1]Denise Jones, Plaintiff-Appellant,
v
Underhill Realty, LLC, Defendant-Respondent.


Eisenberg & Baum, LLP, New York (Sagar Shah of counsel), for appellant.
The Chartwell Law Offices, LLP, New York (William H. Grae of counsel), for respondent.



Order, Supreme Court, Bronx County (Howard H. Sherman, J.), entered December 19, 2016, which, inter alia, granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Defendant satisfied its prima facie burden of establishing that the door that slammed shut on plaintiff's right foot was not a defective or dangerous condition. Defendant's expert established that the mechanism located at the top of the door was not defective and that it was not a device that was intended to hold the door open or prevent it from slamming shut. The expert also established that the door mechanism did not violate any code, regulation or standard (see Nielsen v 300 E. 76th St. Partners, LLC, 111 AD3d 414 [1st Dept 2013]; DeCarlo v Village of Dobbs Ferry, 36 AD3d 749 [2d Dept 2007]; Hunter v Riverview Towers, 5 AD3d 249, 250 [1st Dept 2004]).
In opposition, "plaintiff fail[ed] to submit any evidence that [the door was] actually defective or dangerous" (Lezama v 34-15 Parsons Blvd., LLC, 16 AD3d 560, 560 [2d Dept 2005]). Specifically, plaintiff's expert's conclusion was not based on his own personal observations of the door mechanism, and he failed to establish that the door mechanism was maintained in violation of any specific code, regulation or standard (see Dos Santos v Power Auth. of State of N.Y., 85 AD3d 718, 721 [2d Dept 2011], lv denied 20 NY3d 856 [2013]; DeCarlo, 36 AD3d at 750; Santoni v Bertelsmann Prop., Inc., 21 AD3d 712, 714-715 [1st Dept 2005]).
The doctrine of res ipsa loquitur is inapplicable to the facts of this case, inasmuch as the allegedly defective door — being part of plaintiff's own apartment — was not in defendant's exclusive control, and because it was equally plausible that the accident occurred due to plaintiff's comparative negligence (see Dermatossian v New York City Tr. Auth., 67 NY2d 219, 226-228 [1986]; Meza v 509 Owners LLC, 82 AD3d 426 [1st Dept 2011]; Giordano v Toys R Us, 276 AD2d 669 [2d Dept 2000]).
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 12, 2018
CLERK