Eskridge v TJBM Enters., Inc. (2019 NY Slip Op 03027)





Eskridge v TJBM Enters., Inc.


2019 NY Slip Op 03027


Decided on April 24, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 24, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
HECTOR D. LASALLE
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2017-12088
 (Index No. 2155/16)

[*1]Ryan Eskridge, appellant, 
v
TJBM Enterprises, Inc., et al., respondents.


Krentsel & Guzman, LLP, New York, NY (Steven E. Krentsel and Julie T. Mark of counsel), for appellant.
Farber Brocks & Zane, LLP, Garden City, NY (Tracy L. Frankel of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Roy S. Mahon, J.), entered September 29, 2017. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
On January 23, 2016, the plaintiff was entering the defendants' premises when the front entrance door allegedly closed too quickly and slammed shut, injuring the plaintiff's left index finger. The plaintiff subsequently commenced this action to recover damages for personal injuries against the defendants. The defendants moved for summary judgment dismissing the complaint, contending, inter alia, that the door was not in a defective condition. The Supreme Court granted the defendants' motion. The plaintiff appeals.
In a premises liability case based upon an allegedly defective condition, a plaintiff must establish that a defective condition existed and that the defendant affirmatively created the condition or had actual or constructive notice of its existence (see Hoffman v Mucci, 124 AD3d 723, 724; Donnelly v St. Agnes Cathedral Sch., 106 AD3d 773; Fontana v R.H.C. Dev., LLC, 69 AD3d 561, 562; Lezama v 34-15 Parsons Blvd, LLC, 16 AD3d 560). Here, the defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that the door, which had been used by the plaintiff on four occasions on the night of the incident without any difficulty, and by numerous patrons since 2014 without incident, was not in a defective condition (see Hoffman v Mucci, 124 AD3d at 724; Donnelly v St. Agnes Cathedral Sch., 106 AD3d at 773-774; Fontana v R.H.C. Dev., LLC, 69 AD3d 561; DeCarlo v Village of Dobbs Ferry, 36 AD3d 749; Lezama v 34-15 Parsons Blvd., LLC, 16 AD3d 560; Aquila v Nathan's Famous, 284 AD2d 287; Maldonado v Sun Jong Lee, 278 AD2d 206). In opposition, the affidavit of the plaintiff's expert, who never inspected the subject door, failed to raise a triable issue of fact (see Dos Santos v Power Auth. of State of N.Y., 85 AD3d 718, 721; Canales v Hustler Mfg. Co., 12 AD3d 392, 393; Banks v Freeport Union Free School Dist., 302 AD2d 341, 342). "While [the opinion] of an expert based on photographs often is acceptable, it is essential that the facts upon which the expert relies must be fairly inferable' from [*2]the evidence" (Davidson v Sachem Cent. School Dist., 300 AD2d 276, 277 [citation omitted]), which is not the case here.
In light of our determination, it is not necessary to reach the parties' remaining contentions.
Accordingly, we agree with the Supreme Court's determination to grant the defendants' motion for summary judgment dismissing the complaint.
MASTRO, J.P., LASALLE, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court