E.W. v City of New York (2020 NY Slip Op 00175)





E.W. v City of New York


2020 NY Slip Op 00175


Decided on January 8, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 8, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
REINALDO E. RIVERA
SHERI S. ROMAN
LINDA CHRISTOPHER, JJ.


2018-10179
 (Index No. 16408/10)

[*1]E.W., etc., et al., appellants, 
v
City of New York, et al., respondents.


William Pager, Brooklyn, NY, for appellants.
James E. Johnson, Corporation Counsel, New York, NY (Deborah A. Brenner and Elizabeth I. Freedman of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Katherine Levine, J.), dated June 15, 2018. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The injured plaintiff, a then-third grade student at P.S. 44, stopped while walking between classes to talk with a friend. The injured plaintiff testified at a hearing held pursuant to General Municipal Law § 50-h that a door that he was holding as he talked with his friend closed "automatically on its own" "really, really, really, really, fast." The door severed the tip of the injured plaintiff's index finger, which had become caught between the door and the doorjamb near the hinges.
The injured plaintiff and his mother commenced this personal injury action against the defendants, the City of New York and the New York City Department of Education (hereinafter the DOE). Following discovery, the defendants moved for summary judgment dismissing the complaint. The Supreme Court granted the defendants' motion. The plaintiffs appeal.
Contrary to the plaintiffs' contention, the Supreme Court properly considered the deposition transcripts submitted in support of the motion. The unsigned deposition transcripts of the school's custodial engineer and the injured plaintiff's teacher, who testified on behalf of their employer, the DOE, were admissible under CPLR 3116(a) because the transcripts were submitted by the DOE and, therefore, were adopted as accurate (see David v Chong Sun Lee, 106 AD3d 1044, 1045).
The defendants established their prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging premises liability by submitting evidence that the subject door was not defective. The deposition testimony of the building's custodial engineer established that he inspected the door at least twice per week before the accident. Moreover, the school principal provided evidence that a search of the school's records revealed no "indication of any maintenance, repairs, work orders, or other issues reported" with respect to the door during the two-year time period prior to the accident. This evidence, together with evidence that the subject door was in regular use, including regular use by the infant plaintiff, was sufficient to establish, prima facie, that the door was not defective (see Dillon K. v Northern Blvd. 4818, LLC, 161 AD3d 664, 664-665; [*2]Lezama v 34-15 Parsons Blvd, LLC, 16 AD3d 560; Aquila v Nathan's Famous, 284 AD2d 287, 287-288).
Contrary to the plaintiffs' contention, it cannot be inferred that the subject door was defective or improperly maintained merely because it could close fast enough, or hard enough, to cause the injured plaintiff's injuries (see Fontana v R.H.C Dev., LLC, 69 AD3d 561, 563; Lezama v 34-15 Parsons Blvd, LLC, 16 AD3d at 561). Therefore, the injured plaintiff's testimony at the hearing held pursuant to General Municipal Law § 50-h that the door closed "really, really, really, really, fast" did not raise a triable issue of fact. Accordingly, we agree with the Supreme Court's determination granting that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging premises liability.
Additionally, we agree with the Supreme Court's determination granting that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging negligent supervision. Although schools have a duty to provide supervision to ensure the safety of those in their charge, schools will be held liable only for foreseeable injuries proximately related to the absence of adequate supervision (see Mirand v City of New York, 84 NY2d 44, 49; K.B. v City of New York, 166 AD3d 744, 745). When an accident occurs in so short a span of time that even the most intense supervision could not have prevented it, lack of supervision is not the proximate cause of the injury (see K.B. v City of New York, 166 AD3d at 745). Here, the defendants established, prima facie, that any alleged inadequacy in the level of supervision was not a proximate cause of the accident, and in opposition, the plaintiffs failed to raise a triable issue of fact.
Finally, separate and apart from the above, the defendants also established their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against the City by showing that the accident occurred on public school premises, which the City does not operate, maintain, or control (see Dilligard v City of New York, 170 AD3d 955, 957). In opposition, the plaintiffs failed to raise a triable issue of fact as to the City's liability.
SCHEINKMAN, P.J., RIVERA, ROMAN and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court