Alkon v North Shore Towers Apts. Inc. (2020 NY Slip Op 03883)





Alkon v North Shore Towers Apts. Inc.


2020 NY Slip Op 03883


Decided on July 15, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 15, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SHERI S. ROMAN
JOSEPH J. MALTESE
HECTOR D. LASALLE, JJ.


2016-07597
 (Index No. 6535/13)

[*1]Norma Alkon, appellant, 
v
North Shore Towers Apartments Incorporated, et al., respondents, et al., defendant.


Sim & Record, LLP, Bayside, NY (Sang J. Sim of counsel), for appellant.
Patrick J. Crowe, Melville, NY, for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (James Hudson, J.), dated June 21, 2016. The order, insofar as appealed from, granted the motion of the defendants North Shore Towers Apartments Incorporated and Charles H. Greenthal Management Corp. for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff allegedly was injured when a power-operated door in her apartment complex suddenly struck her as she was walking through the doorway, causing her to fall. She commenced this action against, among others, North Shore Towers Apartments Incorporated (hereinafter North Shore Towers), the owner of the apartment complex, and Charles H. Greenthal Management Corp. (hereinafter Greenthal Management), the manager of the apartment complex. North Shore Towers and Greenthal Management moved for summary judgment dismissing the complaint insofar as asserted against them, and the Supreme Court granted their motion. The plaintiff appeals.
A landowner has a duty to maintain its property in a reasonably safe condition to prevent the occurrence of foreseeable injuries (see Basso v Miller, 40 NY2d 233, 241). "In order for a landowner to be liable in tort to a plaintiff who is injured as a result of an allegedly defective condition upon property, it must be established that a defective condition existed and that the landowner affirmatively created the condition or had actual or constructive notice of its existence" (Lezama v 34-15 Parsons Blvd, LLC, 16 AD3d 560, 560; see Fontana v R.H.C. Dev., LLC, 69 AD3d 561, 562).
Here, North Shore Towers and Greenthal Management established their prima facie entitlement to judgment as a matter of law by demonstrating that the subject door did not constitute a dangerous or defective condition (see Donnelly v St. Agnes Cathedral Sch., 106 AD3d 773, 773-774; Fontana v R.H.C. Dev., LLC, 69 AD3d at 562; Lezama v 34-15 Parsons Blvd, LLC, 16 AD3d at 560). In support of their motion, they submitted evidence that they conducted daily inspections of the door, that the door activating system had been fully replaced two months before the incident, [*2]that, after the new system had been installed, there had been no complaints of the door malfunctioning prior to the incident, and that the door functioned in accordance with industry standards. In opposition, the plaintiff failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324). Accordingly, we agree with the Supreme Court's determination to grant the motion of North Shore Towers and Greenthal Management for summary judgment dismissing the complaint insofar as asserted against them.
AUSTIN, J.P., ROMAN, MALTESE and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court