Dresher v White Plains Hosp. Med. Ctr. (2020 NY Slip Op 04457)





Dresher v White Plains Hosp. Med. Ctr.


2020 NY Slip Op 04457


Decided on August 12, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2019-09694
 (Index No. 60854/17)

[*1]Emily Dresher, appellant, 
v
White Plains Hospital Medical Center, respondent, et al., defendants.


The Cochran Firm, New York, NY (Alexander J. Wulwick of counsel), for appellant.
Wilson Elser Moskowitz Edelman & Dicker LLP, White Plains, NY (Judy C. Selmeci of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Westchester County (Lewis J. Lubell, J.), dated July 18, 2019. The judgment, upon an order of the same court dated January 23, 2019, granting the motion of the defendant White Plains Hospital Medical Center for summary judgment dismissing the complaint insofar as asserted against it, is in favor of the defendant White Plains Hospital Medical Center and against the plaintiff dismissing the complaint insofar as asserted against that defendant.
ORDERED that the judgment is affirmed, with costs.
The plaintiff commenced this action against the defendant White Plains Hospital Medical Center (hereinafter the Hospital), among others, seeking damages for personal injuries she alleges she sustained when a door in a pantry room at the Hospital was opened by a nurse and made contact with the plaintiff, causing the plaintiff to fall. The Hospital moved for summary judgment dismissing the complaint insofar as asserted against it, contending, among other things, that the door was not defective. The Hospital also contended that it could not be held vicariously liable for the nurse's alleged negligence in opening the door since the accident was unforeseeable. The Supreme Court granted the motion and a judgment was entered dismissing the complaint insofar as asserted against the Hospital. The plaintiff appeals.
The Hospital established its prima facie entitlement to judgment as a matter of law by demonstrating that the door was not in a defective condition (see Fontana v R.H.C. Dev., LLC, 69 AD3d 561, 562-563; see also Hotaling v City of New York, 55 AD3d 396, 399, affd 12 NY3d 862), and that the nurse did not negligently open the door (see generally Sangineto v Mamaroneck Union Free School Dist., 282 AD2d 596, 596). In opposition, the plaintiff failed to raise a triable issue of fact.
Accordingly, we agree with the Supreme Court' determination granting the Hospital's motion for summary judgment dismissing the complaint insofar as asserted against it.
SCHEINKMAN, P.J., DUFFY, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court