Hornung v City of New York (2024 NY Slip Op 04252)

Hornung v City of New York

2024 NY Slip Op 04252

Decided on August 21, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 21, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2022-06439
 (Index No. 1545/16)

[*1]Bettina Hornung, appellant, 
v
City of New York, et al., respondents.

Nguyen Leftt, P.C., New York, NY (Stephen D. Chakwin, Jr., of counsel), for appellant.
Sobel Pevzner, LLC, New York, NY (Oliver W. Williams of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Debra Silber, J.), dated August 4, 2022. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action against the defendants to recover damages for injuries she allegedly sustained when she climbed a fence on premises owned by the defendants and caught her hand on a wire protruding from the fence. The plaintiff alleged, inter alia, that the defendants were negligent in that they failed to maintain the fence in a safe condition. The defendants moved for summary judgment dismissing the complaint. In an order dated August 4, 2022, the Supreme Court granted the motion. The plaintiff appeals.
Landowners have a duty to maintain their premises in a reasonably safe condition to prevent foreseeable injuries (see Basso v Miller, 40 NY2d 233, 241; Alkon v North Shore Towers Apts. Inc., 185 AD3d 765, 766). The scope of such duty is determined "in view of all the circumstances, including the likelihood of injury to others, the seriousness of the injury, and the burden of avoiding the risk" (Basso v Miller, 40 NY2d at 241; see Sweet v Hazan, 220 AD3d 666, 667).
Here, the defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that they maintained the fence in a reasonably safe condition in view of all the circumstances (see Basso v Miller, 40 NY2d at 241). In opposition, the plaintiff failed to raise a triable issue of fact.
Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint.
DUFFY, J.P., WOOTEN, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court